THOMAS SIMS, RESPONDENT, *v.* ELIAS SIMS, APPELLANT.

*Conviction of felony* — 2 *R. S.*, 701, § 23, *rendering a person convicted of felony incompetent as a witness — application of — Power of a Special Term granting a new trial, to vacate its own order.*

Upon the trial of this action, the defendant having been examined as a witness in his own behalf, the plaintiff's counsel offered in evidence a record of his conviction in the State of Ohio for having counterfeit money in his posses-sion with intent to pass it.

The defendant, having given evidence tending to show that he had been par-doned, was asked whether he was guilty of the offense with which he was charged, which question was, upon plaintiff's objection, excluded. *Held,* that its exclusion was proper; that although, if the record only affected his credi-bility, it might be competent to show by parol any circumstance consistent with the record, tending to mitigate the offense, and thus lessen the stain upon his credit, he could not contradict it by showing that he was, in fact, innocent of the crime whereof he stood duly convicted.

*Quære,* whether the statute (2 R. S., 701, § 23) which, before the new Code, rendered a person convicted of a felony incompetent to testify, applied to a conviction in a foreign State.

After a judgment had been rendered in favor of the plaintiff herein, the defend-ant applied to a justice, at a Special Term, and procured an order granting a new trial on the ground of surprise. Subsequently, upon affidavits presented by the defendant, an order to show cause why the same should not be vacated was granted by the same justice; and upon its return at Special Term the order granting a new trial was accordingly vacated. *Held,* that the justice had power to so act.

THIS is an appeal from a judgment in favor of the plaintiff, entered on a verdict rendered at the Erie Circuit in December, 1874, and also from an order of the Erie Special Term denying the defendant's motion for a new trial upon a case containing excep-

tions, and from an order of the Erie Special Term vacating an order granting a new trial herein on the ground of surprise.

*Mr. Gurney,* for the appellant.

*Mr. Jno. C. Strong,* for the respondent.

SMITH, J. :

The action was brought upon a contract made by the parties at Buffalo, in December, 1868, by which the defendant undertook and agreed to convey and deliver to the plaintiff a tug, called the "William Allen," a dredge known as the "Milwaukee Dredge," her two or three scows, and the tackle, tools, furniture, etc., belonging to them all, on or before the opening of navigation on Lake Erie in the spring of 1869. It was proved at the trial, that on the 12th of March, 1869, at Buffalo, the plaintiff received from the defendant a bill of sale of the property included in the contract, the property being then at Cleveland. The plaintiff gave testimony, which was controverted, tending to show that in the latter part of March, 1869, at Cleveland, the plaintiff demanded of the defendant delivery of the possession of the property, which was refused, and that the property was then of the value of $15,000. The jury rendered a verdict in favor of the plaintiff for $14,034.72.

After a careful reading of the case, we concur in the opinion of the learned judge at Special Term, that the testimony, although conflicting, is sufficient to support the verdict, and for the reasons stated by him we think the motion to set aside the verdict as against the weight of evidence should be denied.

We are also of the opinion, that neither of the exceptions stated in the case is well taken. They may be briefly noticed.

The plaintiff, being examined as a witness in his own behalf, was asked "what the property in question was worth in Cleveland in the spring of 1869." The question was objected to, on the ground that the witness was not shown to have any knowledge of the value of such property in Cleveland, and that Cleveland was not the proper place to prove value. He was then examined as to his acquaintance with the subject, and testified that his business, which he had stated to be that of dredging and docking, extended

all over the lakes, and that the value of such property in Cleveland did not differ much from that of such property in Buffalo, where the witness resided. The question which had been objected to was then repeated, the objection was renewed on the same grounds, it was overruled, and the witness answered that the value of the property in good order in Cleveland would have been $15,000, and that he thought it would have been worth more in Cleveland than in Buffalo. We think the objection was properly overruled. That Cleveland was the place of delivery contemplated by the parties (no place being specified in the agreement), is evident from the fact that the defendant resided at Cleveland, and that the property was there at the time when the contract was made. The witness showed himself qualified to give his opinion as to the value of the property at that place.

The defendant was examined as a witness and gave evidence in his own behalf. Subsequently the plaintiff's counsel offered in evidence a record of the conviction of the defendant in 1839, which was received and read in evidence without objection. The defendant was then recalled, and after giving evidence which tended to show that he had been pardoned, he was asked by his counsel whether he was guilty of the offense with which he was charged, to wit: with having in his possession counterfeit money with the intent to pass it. The question having been objected to by the plaintiff, the objection was sustained, and the defendant excepted. It is now assumed by the defendant's counsel, that the conviction was had in a foreign court, to wit, in a court in the State of Ohio, and it is argued that the record did not exclude the defendant from being a witness, but merely affected his credit, and that it was competent for him to repel the imputation upon his credit, by showing that he was, in fact, guiltless of the offense. The conviction is not set out in the case, nor does the case state in what court it was rendered, but the defendant testified that he was never convicted except on a charge in the State of Ohio, and it is fairly to be inferred that the conviction in question was had in that State. The argument of the defendant's counsel assumes that the statute of this State which renders a person convicted of a felony incompetent to testify (2 R. S., 701, § 23), does not relate to a conviction in a foreign State. We are not aware of any

reported case in which the question has been decided or discussed, and as the statute referred to has recently been repealed (Code of Civil Procedure, § 832), the question is of little practical importance. In the case of *The People ex rel., Daggett* v. *Noyes*, tried at the Livingston Circuit in November, 1876, it was held, that a person convicted of felony in the State of Michigan, was not thereby rendered incompetent to testify in this State, but that the fact of the conviction went only to his credibility. To the same effect is the case of *The Commonwealth* v. *Green* (17 Mass., 515), where the question received great consideration, and an able opinion was written by PARKER, Ch. J., which was concurred in by the whole court. (See Greenlf. Ev., § 376, and note 2.) It is unnecessary, however, to pass upon the question in the present case, since we are of the opinion that, whether the conviction had the effect to exclude or merely to discredit the witness, it could not be contradicted by parol. It may be, that if the record only affected the credit of the witness, it was competent for him to show by parol any circumstance, consistent with the record, tending to mitigate the offense, and thus to lessen the stain upon his credit, but not to contradict the record by showing that he was in fact innocent of the crime whereof he stood duly convicted. (See *Gardner* v. *Bartholomew*, 40 Barb., 325.)

The only remaining subject for consideration, is whether an error was committed, to the prejudice of the defendant, in the order made at Special Term in respect to the motion for a new trial on the ground of surprise. The affidavit on which the motion was founded alleged, as one of the two grounds of the motion, that the defendant was surprised by the discovery, shortly before the trial, that certain papers which had been filed in the clerk's office in Cleveland, and which he supposed could be obtained thence at any time, were not there in fact, and on search could not be found. The papers referred to, related to certain suits against the present plaintiff, in which the property involved in this suit, or some part of it, had been attached, and it was alleged in the moving affidavits that the papers would show that the present plaintiff gave a bond with sureties in one or more of said suits, and thereupon the property was released from said attachments. Upon that state of facts, Justice DANIELS, at Special Term, granted the motion for a

new trial on the ground of surprise. Subsequently, and before any action had been taken under the order granting a new trial, affidavits were presented to the same judge on the part of the plaintiff, alleging that the papers in the suits referred to had been found, and that it appeared from them, that the bonds in the attachment suits were not given or procured by the present plaintiff, but were given at the instance of the plaintiffs in the actions in which the property had been attached, and without the concurrence or knowledge of the plaintiff in this suit. Thereupon Justice DANIELS granted an order requiring the defendant herein to show cause, why the order granting a new trial on the ground of surprise should not be vacated, and on the return of that order, and after hearing both parties at Special Term, he vacated the order previously made by him. It is now objected, that the action of the Special Term in that regard was unauthorized. But we think that the power of the Special Term to vacate its own order, under the circumstances above stated, is undoubted, and that the exercise of the power in this instance was well warranted.

The other ground of the motion for a new trial was, that the defendant was surprised by the testimony of one Williams, given at the trial, to the effect that he heard a conversation on Superior street, in Cleveland, in the spring of 1869, between the plaintiff and a person whom he believed to be the defendant, they being on the opposite side of the street from the witness, and that the plaintiff demanded the tug, and the person whom he addressed replied that he could not have it, that it was attached and he meant to beat him out of it. The motion, so far as the latter ground was concerned, was founded on an affidavit of Williams, the witness, stating in substance that he did not intend to testify that he heard the conversation which he stated, but only that the plaintiff told him that he had had such a conversation with the defendant, and upon affidavits of other persons, alleging contradictory statements made by Williams after his testimony was given, and also stating that Superior street is of such width and so noisy that conversation in an ordinary tone of voice could not be heard across it. That branch of the motion, also, we think was properly decided. The affidavit of Williams in opposition to his testimony, is not, of itself, sufficient ground for granting a new trial. His

affidavit and testimony could not be reconciled on the theory of a mistake. One or the other is false intentionally. Williams' affidavit, in effect, asserted that he committed perjury on the trial, in testifying that he heard the conversation stated by him. The Special Term, therefore, properly refused to grant a new trial on account of his affidavit. (*People ex rel. Stemmler and another* v. *McGuire,* 9 N. Y. S. C. R., 269 ; *Sterling* v. *Insurance Co.,* Monroe Special Term, February, 1870, MS. op. of J. C. SMITH, J.)

The contradictory admissions made by Williams were made and were communicated to the defendant's counsel, for aught that appears, before the testimony was closed, and could have been given in evidence on the former trial. And it is to be presumed that the width and condition of Superior street in Cleveland could have been testified to on the trial, by the defendant himself, or any other person in attendance acquainted with the streets of that city. The defendant was recalled after Williams had testified, and denied explicitly the conversation sworn to by him.

We are of the opinion that the judgment and each of the orders appealed from should be affirmed.

Present — TALCOTT, P. J., SMITH and MERWIN, JJ.

Judgment and orders appealed from affirmed.