Gardner *v.* Bartholomew.

---

## GARDNER *vs.* BARTHOLOMEW.

After the credit of a witness has been impeached by the production of a record of his conviction of the crime of larceny, it is not competent for the party calling him to give evidence explanatory of the conviction, and in favor of the innocence of the witness, notwithstanding the conviction. E. DARWIN SMITH, J. dissented.

THIS was an action for an assault and battery, tried at the Monroe circuit, before Hon. E. DARWIN SMITH, and a jury. Sarah Flannagan was examined as a witness on the part of the plaintiff. For the purpose of impeaching her testimony, the defendant called Samuel W. D. Moore as a witness, who testified as follows: " I know Mrs. Sarah Flannagan; I have been police magistrate of this city several years; I knew her reputation then several years ago; it was bad; from that reputation I would not believe her on her oath under certain circumstances; I knew Ariel Wentworth; he was police

magistrate in 1848; he signed this record of conviction; I filed it; this Mrs. Flannagan is the same person named therein; I immediately succeeded Wentworth as justice." The defendant then offered and read in evidence a record of conviction of the witness Sarah Flannagan, in due form of law, for the offense of petit larceny, in stealing twenty yards of muslin delaine cloth, of the value of 12 cents per yard, the property of J. Z. Newcomb, on the 31st day of March, 1848; said conviction being had before Ariel Wentworth, police justice of Rochester, at a court of special sessions in and for Rochester, in said county of Monroe, on the 31st day of March, 1848, and the record made the same day by said police justice, and filed in Monroe county clerk's office, under the hand and seal of said justice; and which said conviction recited that the said Sarah Flannagan, on being arrested and arraigned on said charge, had pleaded guilty to said charge. And the plaintiff then called as a witness the said Sarah Flannagan, so convicted, and asked if she was the person so convicted, and to state the facts of her conviction; whereupon the witness Sarah Flannagan testified as follows: "I had the cloth which I was convicted of stealing, in my possession; I did not steal it; I could not find the woman I got the things of; it was left with me to make up, and I took a piece of it to the store to match it, and did not know that it was stolen." The defendant's counsel objected to the reception of said testimony, before the same was given, as irrelevant, improper, inadmissible, and contrary to law, and as contradicting said record. The objection was overruled by the court; to which decision of the court the defendant's counsel duly excepted. The cause was submitted to the jury, who found a verdict for the plaintiff for $100 damages.

A motion for a new trial was subsequently made and denied, and the defendant appealed.

*T. R. Strong*, for the appellant. I. The record of conviction of the witness Flannagan, for the offense of petit larceny,

Gardner *v.* Bartholomew.

is conclusive evidence of the guilt of the witness of that offense; and the evidence allowed and given to disprove her guilt, in contradiction of the record, was not admissible. (1 *Phil. Ev.* 316, 317. 1 *Greenleaf's Ev.* §§ 527, 528, 376. 4 *Cowen & Hill's Notes,* 799. 3 *R. S.* 1011, *5th ed.*) Evidence on the part of the defendant, of the conviction, or of the guilt, of the witness, aside from the record, would not have been competent. (*Newcomb* v. *Griswold,* 24 *N. Y. Rep.* 298.) And for the like reason evidence on the part of the plaintiff, to disprove the conviction, or guilt, was not allowable. If the plaintiff might contradict the record and prove the innocence of the witness, the defendant might in reply offer other evidence of the guilt in support of the record; but such a collateral issue would not for a moment be tolerated. It could not be avoided but by an inflexible adherence to the rule making the record the only evidence on the subject.

II. The record was admissible to affect the credit of the witness. (*Carpenter* v. *Nixon,* 5 *Hill,* 262. *Newcomb* v. *Griswold,* 24 *N. Y. Rep.* 300. 1 *Phil. Ev.* 28 to 35. *Cowen & Hill's Notes,* 66. *Shay* v. *The People,* 22 *N. Y. Rep.* 317.) Evidence of innocence was not admissible to impair the force of the record as impeaching evidence; but proof of general good character might perhaps have been receivable for such purpose.

III. The record was received in evidence without objection; it is stated in the case that the record was in due form of law; no objection was made to the form, sufficiency, or effect, of the record, as evidence to discredit the witness, and it must therefore be assumed that the record was in all respects in conformity to the statute prescribing such a record and the filing thereof.

*C. Jordan,* for the plaintiff. I. A mere conviction of the crime of petit larceny does not affect the credit of a witness. It is the judgment or sentence pronounced upon the conviction which produces that result if it is produced. In this

case it does not appear that any judgment or sentence was pronounced upon the conviction. (9 *Cowen,* 707. 4 *Ind. R.* 128. 8 *Metc.* 531. 7 *Iredell,* 225. 1 *Phil. Ev.* 30. *Cowen & Hill's Notes,* 63. 2 *R. S.* 717, §§ 38, 39.)

II. The case does not show where the offense was committed. It merely states that the *record* of conviction was in due form of law, (not the conviction,) and therefore it did not appear that the court had jurisdiction of the offense. (14 *John.* 371. 19 *id.* 33. 2 *Hill,* 281. *Cowen & Hill's Notes,* 906. 2 *R. S.* 717, § 41. *Id.* 711, § 1.)

III. The mere fact that the witness Flannagan stated how she became convicted did not contradict the record, but merely explained it, which was proper. (4 *Com.* 71.) Notwithstanding her testimony, the record still faced the witness and the jury were bound to say that she had been convicted, and act accordingly, which it is to be presumed they did, and besides the witness was sustained by other testimony which they were bound to believe. (1 *Cowen,* 109.) It is also to be presumed that the case on this question was properly submitted to the jury.

IV. Again; the witness Flannagan did not deny, but admitted the fact that she had been convicted. She was however permitted to say that she did not *steal* the delaine; how she came in possession of it, and that she could not find the woman who left it with her. This was sufficient to convict her of the larceny, with due proof of non-consent; (the larceny and conviction occurred the same day.) Hence it was consistent with the record. (*Cowen & Hill's Notes,* 425.)

V. The conviction and sentence of a person for petit larceny does not disqualify such person for being a witness. (2 *R. S.* 701, § 23.) And in 5 *Hill,* 261, it was held that the conviction for petit larceny was admissible for the purpose of affecting the credit of a witness; but there is no principle upon which this case can be sustained, as the testimony in such case is entirely collateral and is "*res inter alios acta,*" as to this plaintiff; and certainly the conviction alone would

Gardner *v.* Bartholomew.

not suffice without showing the sentence. (9 *Cowen,* 708. 7 *Iredell,* 225.   *And see* 1 *Parker's Cr. Rep.* 523, 557.)

JOHNSON, J.   It was decided in the case of *Carpenter* v *Nixon,* (5 *Hill,* 260,) that the record of the conviction of a witness of petit larceny, was admissible for the purpose of affecting the credit of such witness, and that the refusal to receive it for that purpose was error.   In *Newcomb* v. *Griswold,* (24 *N. Y. Rep.* 298,) the competency of such evidence for that purpose is admitted, but it is held that the fact of the conviction cannot be proved by parol, even by the witness himself upon cross-examination, but must be established by the higher evidence of the record.   This is an exception to the general rule laid down in all the elementary works upon evidence, that particular facts cannot be proved to affect the credit of a witness, but that the examination must be confined to his general reputation.   An examination of the authorities cited in support of the determination in *Carpenter* v. *Nixon,* has led me to doubt somewhat whether the question was correctly determined in that case.   But the question does not arise here, as no objection was raised to the introduction of the record to prove the conviction.

The only question presented is, whether it was competent for the plaintiff, after the fact of the larceny had been established by the record, to give evidence explanatory of the conviction and in favor of the innocence of the witness of the crime, notwithstanding the conviction.   This was allowed by the court against the defendant's objection, and the ruling was duly excepted to.

It must be admitted that the record of the conviction afforded conclusive evidence, not of the conviction only, but of the fact of the commission of the offense upon which the conviction was founded.   It imported absolute verity.   It was evidence incontrovertible, of the truth of whatever was determined by the adjudication, if such adjudication was upon the matter in issue.   It was not open to contradiction or varia-

tion by parol. (1 *Greenl. Ev.* §§ 526 *to* 530 *inclusive.*) The statute makes the certificate of the conviction, when made and filed, or a duly certified copy thereof, evidence in all courts and places of the facts stated therein. (3 *R. S.* 1011, *5th ed.*)

Facts established by record evidence, upon a collateral issue, can no more be contradicted or varied by parol evidence, than when thus established upon the direct issue. And it was held in *Newcomb* v. *Griswold*, (*supra*,) that the rule was the same whether the evidence related to the competency or to the credit of a witness. No one, I suppose, would contend that where a record of the conviction of a person of a felony, was introduced to prevent his being sworn as a witness in a cause, the party offering him as a witness could be allowed to give evidence to show his innocence of the crime of which he had been convicted. It is the crime that creates the infamy and takes away the competency, and not the punishment. (*Pendock* v. *Mackender,* 2 *Wils.* 102.) But the record is conclusive as to the fact of the crime. The evidence was allowed for the purpose of affecting the credibility of the witness, and not her competency, and it was a question for the jury to determine how much her credit ought to be affected by it in view of the nature of the offense and the lapse of time since its commission and the conviction. It is to be presumed they did not give any undue importance to that fact standing by itself.

The evidence being competent for the purpose for which it was offered, was to be met, not by attempting to disprove the commission of the crime, but in some other way, which it is not now necessary to determine, as no question is raised upon it. Parker, C. J. in *Commonwealth* v. *Green*, (15 *Mass. Rep.* 541,) says: " the effect of such proof may be always rebutted by evidence of good conduct, a virtuous life, &c."

It is enough, however, for the present case, that improper evidence was allowed in answer to the record, against the de-

fendant's objection. The order of the special term denying a new trial must therefore be reversed and a new trial ordered, with costs to abide the event.

J. C. Smith, J. concurred.

E. Darwin Smith, J. dissented.

[Monroe General Term, September 7, 1863. *Johnson, E. Darwin Smith* and *J. C. Smith,* Justices.]