THOMAS SIMS, Respondent, *v.* ELIAS SIMS, Appellant.

The provision of the Revised Statutes (2 R. S., 701, § 23), declaring a person sentenced upon a conviction for felony, to be incompetent as a witness, does not apply to a conviction in another State ; it has reference only to a conviction in this State.

*It seems*, that the fact that under the laws of another State where a conviction was had, a person convicted of the offence was incompetent as a witness does not affect his competency in this State.

The provision of the United States Constitution declaring that full faith and credit shall be given to the records of other States (U. S. Const., art. 4, § 1) does not require that personal disabilities imposed upon a person convicted of crime in one State, should follow him and be enforced in other States.

*Chase* v. *Blodgett* (10 N. H., 24) ; *State* v. *Chandler* (3 Hawks, 393), disapproved.

As to whether a record of conviction of a witness for a felony, where it does not disqualify, is evidence in a civil action for the purpose of impeachment, *quære.*

If competent, the record is not conclusive as to the fact of the commission of the crime charged, but may be rebutted.

Defendant having testified as a witness in his own behalf, a record of his conviction in the State of Ohio for a felony was offered by plaintiff and received in evidence. Defendant was thereupon asked by his counsel whether he was guilty of the offence of which he had been convicted. This was objected to and excluded. *Held,* error.

*Sims* v. *Sims* (12 Hun, 231), reversed.

(Argued September 30, 1878; decided December 17, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 12 Hun, 231.)

This action was brought upon a contract for the sale of a steam tug.

The facts material to the point discussed appear sufficiently in the opinion.

*A. G. Rice,* for appellant. The defendant could not be rendered incompetent to testify by proof of a record of conviction of a felony in another State. (3 R. S. [5th ed.], 988, § 33; 1 Greenl. on Ev., § 423.) As neither the record of the judgment of the Ohio court nor the parol evidence showed a conviction for a felony or of any crime in this State, it was competent to disprove the fact upon which the judgment was rendered. (*Newcomb* v. *Griswold,* 24 N. Y., 298; 1 Greenl. on Ev., § 537; *Mead* v. *Boston,* 3 Cushing, 404; 2 Phillips on Ev. [4th Am. ed., by Edwards], Cow. & Hill's notes 48 to 51; *Gibsen* v. *McCarthy,* Ca. Temp. Hard., 311; *Maybee* v. *Avery,* 18 J. R., 352; *People* v. *Buckland,* 13 Wend., 592; Swift's Ev., 20; 1 Dev., 9; 2 id., 49; 2 Bailey, 29; 7 Gro., 2; 3 Yerg., 403.)

*John C. Strong,* for respondent.

RAPALLO, J. The only exception necessary to be considered, is that taken to the exclusion of the question to the

defendant while on the stand, whether he was guilty of the offence of which he had been convicted in the State of Ohio thirty-five years previously.

The defendant had given material testimony in his own behalf and we cannot say that the evidence which was excluded might not, if admitted, have influenced the jury in passing upon the question of his credibility. Consequently if such exclusion was erroneous the defendant is entitled to a new trial.

The plaintiff, after having given oral evidence, by the cross-examination of the defendant, of his conviction in Ohio in 1839 of the offence of having counterfeit money in his possession, put in evidence the record of conviction. The counsel for the defendant then asked him whether he was guilty of the offence of which he had been convicted, of having counterfeit money in his possession with intent to pass the same. On objection this question was excluded and exception taken.

The first point of inquiry is whether this conviction in Ohio rendered the defendant incompetent to be a witness in the courts of this State. Although the court below did not place its decision upon the ground that such was the legal effect of the conviction, yet it is apparent that if such was its effect, the question of his guilt or innocence could not properly have been inquired into, as the jury would have been bound to disregard his testimony entirely and it would have been the duty of the court to strike it out of the case if so requested.

The Revised Statutes provide (2 R. S., 701, § 23) that no person sentenced upon a conviction for felony shall be competent to testify in any cause, etc., unless pardoned by the governor or Legislature, except in the cases specially provided by law; but that no sentence upon a conviction for any offence other than a felony, shall disqualify or render any person incompetent to be sworn or to testify, etc.

The same statute in a subsequent section (p. 702, § 30) defines the term felony when used in that act or in any other

statute, to mean an offence for which the convict is liable, by law to be punished by death or by imprisonment in a State prison.

I think it quite clear that the disqualification created by this statute is consequent only upon a conviction in this State. It is found in that part of the Revised Statutes which relates to crimes and their punishment, and is in the nature of an additional penalty consequent upon the sentence. Although the disqualification incidentally affects parties in civil litigations wherein the testimony of the convict may be material, and serves as a protection to those against whom his testimony may be sought to be used, yet the provisions which inflict it must. be regarded as a part of the criminal law of this State. Furthermore the provisions requiring that the offence be a felony, and defining the term felony as used in that act, indicate that the conviction referred to, is a conviction had within this State. Though petty larceny was a felony at common law. it has been held that a conviction of that offence does not constitute a disqualification in this State but the offence must be a felony as defined in the statute above cited. (*Carpenter* v. *Nixon*, 5 Hill, 260; *Shay* v. *The People*, 22 N. Y., 317.) Crimes might be felonies in other States which did not fall within our statutory definition.

It was not shown that according to the laws of the State of Ohio a person convicted of the offence of which this party was convicted was incompetent to be a witness. But if this fact had been shown, or could be presumed, it could make no difference. There is some conflict of authority on this point. In *Chase* v. *Blodgett* (10 N. Hamp., 24), and *State* v. *Chandler* (3 Hawks, 393), it was held that one convicted in another State, of an offence, conviction of which rendered him incompetent in the State where convicted, and would have had the same effect in the State where he was offered as a witness had he been convicted there, was also disqualified in the latter State, but in *Commonwealth* v. *Green* (17 Mass., 515), the contrary was held. The case last referred

to rests upon the ground that the disqualification is in the nature of an additional penalty, following and resulting from the conviction, and cannot extend beyond the territorial limits of the State where the judgment was pronounced. That the constitutional provision requiring that full faith and credit be given to the records, etc., of other States does not require that the same effect be given to them as in the State where rendered, as it was left to Congress to prescribe their effect, and also that this constitutional provision does not apply, and is not in its nature applicable, to criminal proceedings. Greenleaf says (Greenl. on Evidence, 376) that the weight of modern opinion seems to be that personal disqualifications arising, not from the laws of nature, but from positive law, especially such as are of a penal nature, are strictly territorial, and cannot be enforced in any country other than that in which they originated, and Story (Conflict of Laws, §§ 92, 104) sustains the same view. I think this doctrine applicable to the question now in hand and that there is nothing in the Constitution of the United States which prevents such application, or requires that the personal disabilities, such as incompetence to testify, or to vote, which may be imposed upon a person convicted of crime in one State, should follow him and be enforced in all the others. If such were the operation of the constitutional provision the qualifications of witnesses called in our courts and of voters at our elections might be made to depend upon the laws of other States instead of our own. In the New Hampshire and North Carolina cases referred to (10 N. H., 22, and 3 Hawks, 393), this argument is met by the contention that it is the crime and not the judgment which incapacitates the witness, and that the incapacity is not prescribed as a punishment for the crime, but because by the commission of it the criminal has shown himself a person unfit to be trusted to give testimony affecting the rights of others. That the judgment is required only for the purpose of establishing the fact of the crime by conclusive evidence, and that the constitutional provision requires that the same credit be given in every State to the

judgment of a sister State to which it is entitled in the State where rendered.

Assuming that this constitutional provision applies to convictions for crimes (which is denied in the Massachusetts case) the answer to the position stated is twofold. First, that whatever reason may lie at the foundation of the law, the law is that the sentence, and not merely the commission of the crime, disqualifies the witness. The crime may be admitted or proved ever so conclusively, even by record, without having that effect. A judgment rendered in a civil action to which plaintiff, defendant and witness were all parties, finding the witness guilty of forgery, grand larceny, or any other felony, would not disqualify. Such a record might exist, as in cases of justification of libel, actions to cancel forged instruments, etc. The disability to testify can only follow conviction and sentence in a prosecution for the crime. Secondly, a record of conviction for a crime, is not conclusive evidence in a civil action, of the facts upon which it was based. There is a great weight of authority against its being admissible at all, except as evidence of the fact of conviction, where that fact is material. To give to a foreign record of conviction the effect of conclusive evidence in a civil action, of the fact that the party convicted committed the crime, would be to give it greater credit than the judgment of one of our own courts would be entitled to. Greenleaf states it as a general rule that a record of conviction of a crime is not admissible in evidence in a civil action, to prove the fact on which it was rendered. (1 Greenl. Evid., 537.) And so it has been held in many cases from *Gibson* v. *McCarthy* (Cases temp. Hardwicke, 311) to *Mead* v. *The City of Boston* (3 Cush., 404). The same rule prevails in Connecticut. (Swift's Evid., 20.) In other cases however it has been held that such judgments may, under some circumstances, be received in civil actions as *prima facie* evidence of the fact of guilt, but never as conclusive, or as estopping the party convicted from proving his innocence. These will be referred to in considering the remaining point in this case.

One strong reason assigned for not holding them conclusive is the absence of any mutuality in the estoppel. (1 Greenl. Evid., § 553; 2 Phill. Ev., p. 50.) The confusion which is sometimes perceptible in the cases on this subject, results from losing sight of the distinction between the purposes for which such judgments are offered, whether as evidence of the fact of conviction and judgment, or of the fact of the guilt of the party. Such a judgment is conclusive for the purpose of establishing the fact that it has been rendered, and all the legal consequences which flow from it. Therefore when by law the fact of conviction disqualifies a witness, the record, when introduced for that purpose, is unimpeachable and the evidence is for the court and not the jury. When offered for the purpose of establishing the fact of guilt there is a great weight of authority for the proposition that it is not admissible in a civil case, but it is well settled that if admitted it is only *prima facie* evidence.

This brings us to the second branch of the case. The conviction in Ohio, not having the effect of legally disqualifying the witness in this State, was nevertheless admitted and used as evidence that he had been guilty of the crime of having counterfeit money in his possession with intent to pass the same, and thus impeaching his credibility. It is a very serious question whether it ought to have been admitted at all, not only for the reason before stated, but for the further reason that at most it amounted to nothing more than evidence of a particular offence, and its omission contravened the rule that proof of particular acts or offences, except from the mouth of the witness himself, is not legally admissible for the purpose of impeachment; the exception being allowed for the reasons that he may be supposed to be able to explain his own acts, that he may decline to answer, and if he answers his statements are conclusive. It was held in *Carpenter* v. *Nixon* (5 Hill, 260) that a record of conviction of petty larceny was admissible as impeaching evidence, but that question is disposed of in two lines, the main question discussed being whether such a conviction disqualified the witness. Judge

Johnson in *Gardner* v. *Bartholomew* (40 Barb., 325) says that after having examined the authorities cited in 5 Hill in support of the admissibility of the evidence he doubts whether the point was properly decided. The authorities cited in 10 N. Hamp., 22 seem to afford much better support to the opposite view. Judge Allen in *Newcomb* v. *Griswold* (24 N. Y., 298) holds that the fact of conviction of an offence which does not disqualify, if admissible at all must be proved by the record, and he says it seems from the case in 5 Hill that it is admissible, but he refers at the beginning of his opinion to the rule that evidence of a particular offence is not admissible and I do not understand him as approving the decision in 5 Hill. All that he decides is that oral evidence of such a conviction is inadmissible even when coming from the lips of the witness sought to be impeached. But it is not necessary to pass upon the question now, for the authorities clearly show that if a fact is proved in a civil case by a record of conviction in a criminal prosecution, that proof is not conclusive but can be rebutted. In *Maybee* v. *Avery* (18 J. R., 352) the plaintiff sued for slander, the slanderous words being "you are a thief, you stole my hens." It was held, though with some hesitation, that in support of a plea of justification the defendant might introduce the record of the conviction and sentence of the plaintiff for stealing defendant's hens, but that such judgment was not conclusive and plaintiff might prove his innocence. And in *People* v. *Buckland* (13 Wend., 592, 595), to an indictment for compounding a felony, consisting of a larceny committed by Jane Hart, the defendant pleaded the trial and acquittal of Jane Hart in a prosecution for the same alleged felony, and the plea was held bad on the ground that the record of acquittal was not conclusive against the People, on the question of the guilt of the accused though available as a defense against a second prosecution. There are numerous authorities to the same effect but I have found none holding a judgment in a criminal case conclusive in a civil action, of the fact of guilt, against either witness or parties, except the one above cited in 40

Barb., 325, and the cases in 10 N. Hamp. and 3 Hawks. In the case in 40 Barb. it is apparent that the distinction between records of criminal convictions, and judgments in civil actions between the parties was overlooked, as the authorities cited refer to judgments in civil proceedings, and the distinction is not alluded to. The same error has occurred in the present case.

The judgment should be reversed and a new trial ordered, costs to abide the event.

All concur, except Miller and Earl, JJ., absent.

Judgment reversed.