MARKETT v. GEMKE et al.

(Supreme Court, Special Term, Erie County. July, 1915.)

JUDGMENT ☞648—CONCLUSIVENESS—CRIMINAL PROSECUTION.

Where, in proceedings by a landlord to remove a tenant and subtenant on the ground that they were using the premises for disorderly purposes, the landlord introduced in evidence the record of the conviction of the subtenant on her plea of guilty to the charge of using the premises for disorderly purposes, the testimony of the subtenant to prove that she had not violated the ordinances of the city was improperly excluded, though the record was admissible to establish a prima facie case against her.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1309, 1310; Dec. Dig. ☞648.]

Appeal from City Court of Buffalo.

Proceeding by John A. Markett against Hulda A. Gemke and another for the removal of defendants as tenant and subtenant. From a judgment of the City Court awarding petitioner the possession, defendants appeal. Reversed, and new trial ordered.

William Kilhoffer, of Buffalo, for appellants.

Bartholomew & Bartholomew, of Buffalo, for respondent.

BROWN, J. Rose Deigelman, upon being arraigned in the criminal branch of the City Court, entered a plea of guilty to the charge of using the premises in question for disorderly purposes, in violation of chapter 9, section 2, of the ordinances of the city of Buffalo prohibiting such use. Thereupon the petitioner served a notice upon Hulda A. Gemke and Rose Deigelman, electing to terminate the lease that he had theretofore given Hulda A. Gemke, for using the premises for disorderly purposes and suffering the nuisance of a bawdyhouse to be created thereon; the service of such notice being in pursuance of the terms of the lease permitting a cancellation of the same for such reasons. Rose Deigelman is a subtenant of Hulda A. Gemke.

Proceedings were thereupon instituted in the City Court for a removal of Rose Deigelman and Hulda A. Gemke; the petition therefor alleging that the tenant, Hulda A. Gemke, and the subtenant, Rose Deigelman, were using the premises for disorderly purposes and suffering a bawdyhouse to be maintained thereon. Answers were filed denying such allegation of the petition. Upon the trial the petitioner introduced the record of the conviction of Rose Deigelman, upon her plea of guilty, of the charge of using the premises for disorderly purposes, and rested his case. Rose Deigelman thereupon took the witness stand, and, after giving some testimony, was asked by her counsel what occurred at the time of her arrest, arraignment, and plea. The question was objected to, and the objection was sustained, on the ground that the court would receive no facts upon which the arrest was based; the court stating that the witness could not go behind the record, and holding that, in view of her admission in open court of guilt, she could not show that she kept a good house, and that the record of her conviction was conclusive, and could not be disputed. To these rulings exceptions were taken, and it is now urged that the rulings were erroneous, and that for that reason judgment should be reversed.

In 7 Encyclopedia of Evidence, page 851, it is said:

"If judgment be rendered in a criminal prosecution on a plea of guilty, such judgment is not conclusive evidence of the truth of the criminal matter charged, when used in a civil case, and the defendant may show upon the trial of the civil action for damages that he was not in fact guilty of any offense"—citing Crawford v. Bergen, 91 Iowa, 675, 60 N. W. 205; Clark v. Irwin, 9 Ohio, 131; Schreiner v. High, etc., 35 Ill. App. 576.

In Sims v. Sims, 75 N. Y. 466, the trial court held that the record of a criminal conviction of a witness for a felony was conclusive, so as to preclude the witness from testifying that he was not guilty. Upon

review it was held to be error; Judge Rapallo, after discussing the effect of the record of conviction, saying:

"A record of conviction for a crime is not" conclusive evidence "in a civil action to prove the fact upon which it is based. * * * It has been held that such judgments may, under some circumstances, be received in civil actions as prima facie evidence of the fact of guilt, but never as conclusive, or as estopping the party convicted from proving his innocence. * * * When offered for the purpose of establishing the fact of guilt there is great weight of authority for the proposition that it is not admissible in a civil case, but it is well settled that if admitted it is only prima facie evidence. * * * The authorities clearly show that, if a fact is proved in a civil case by a record of conviction in a criminal prosecution, that proof is not conclusive, but can be rebutted"—citing Maybee v. Avery, 18 Johns. 352, wherein the conviction for a crime was had on a plea of guilty.

In Gardner v. Bartholomew, 40 Barb. 325, the witness was allowed by the trial court to explain the circumstances under which she was convicted of larceny upon her plea of guilty; for this error the judgment was reversed. In discussing the case in Sims v. Sims, supra, Judge Rapallo says:

"It is apparent that the distinction between records of criminal convictions and judgments in civil actions between the parties was overlooked, as the authorities cited refer to judgments in civil proceedings, and the distinction is not alluded to."

The judgment of conviction was not rendered in an action between the parties to this proceeding. It was properly received in evidence as against Rose Deigelman, and was a prima facie case against her. It was not conclusive. It was error to exclude such evidence as Rose Deigelman offered to prove that she had not violated the provisions of the ordinances of the city.

Judgment reversed, and new trial ordered in the City Court; trial to be had August 2, 1915, at 10 o'clock a. m.