THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WALTER GUTTERSON, Appellant.

**Crimes — larceny — indictment charging that in or about several specified months defendant fraudulently obtained securities — demurrer on ground that more than one crime was charged properly overruled — sentence — using mails in scheme to defraud not a crime under laws of this State — previous conviction of such crime in Federal court may not be considered by court of this State in fixing sentence upon conviction for felony.**

1. An allegation in an indictment .charging grand larceny, that " in or about the months of December, 1924, and January, February, March, April and May, 1925," the defendant obtained certain securities from the possession of the complaining witness by false and fraudulent representations, does not require inference that the securities were delivered at separate times or as the result of separate orders or directions of the complaining witness.   It does not require inference that fraudulent representations made at one time did not of themselves and without renewal or addition induce delivery of all the securities. The allegation of the time when the crime was committed is indefinite; yet that allegation might be sustained without variance by evidence which would show only a single crime.   A demurrer, therefore, on the ground that more than one crime was charged within the meanings

of sections 278 and 279 of the Code of Criminal Procedure was properly disallowed.

2. Using the mails in a scheme to defraud is an offense cognizable only by the Federal laws and is not punishable under the laws of this State. A prior conviction for such offense, therefore, may not be taken into consideration by the court, under section 2189 of the Penal Law, in imposing sentence upon one convicted of the crime of grand larceny. The provision in the statute for a longer sentence for a defendant previously " convicted of a crime punishable by imprisonment in a state prison " cannot reasonably be construed to include crime which is not so punishable under the laws of this State. It follows that the defendant should have received an indeterminate sentence.

*People* v. *Gutterson*, 217 App. Div. 778, reversed.

(Argued November 24, 1926; decided December 31, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 25, 1926, which affirmed a judgment rendered at a Trial Term for the county of Westchester upon a verdict convicting the defendant of the crime of grand larceny in the second degree.

*Robert S. Johnstone, Stanley L. Richter* and *John F. Couts* for appellant. The case was put to the jury on theories that are untenable in law. The facts proved do not constitute the crime charged — or any crime. Consequently, the verdict and judgment cannot stand. (*People ex rel. Perkins* v. *Moss*, 187 N. Y. 410; *People* v. *Baker*, 96 N. Y. 340; 1 Wharton Crim. Pro. [10th ed.] §§ 196, 627; 2 Wharton Crim. Law [11th ed.] § 1491; 3 Bishop New Crim. Pro. [2d ed.] § 168; *People* v. *Stone*, 9 Wend. 182; *People* v. *Winner*, 80 Hun, 130; *People* v. *King*, 15 App. Div. 84; *Loomis* v. *People*, 67 N. Y. 322; *People* v. *Miller*, 169 N. Y. 339; *People* v. *Geyer*, 196 N. Y. 364; *People* v. *Dumar*, 106 N. Y. 502.) The first count of the indictment is bad for duplicity. (Code Crim. Pro. §§ 278, 279; *People* v. *Klipfel*, 160 N. Y. 369; *People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559; *Armour Packing Co.* v. *United States*, 153 Fed.

Rep. 1; 209 U. S. 56; *United States* v. *Patty,* 2 Fed. Rep. 664; *Matter of Henry,* 123 U. S. 372; *State* v. *Jamison,* 110 Iowa, 338; *People* v. *O'Donnell,* 46 Hun, 358; *R.* v. *Birdseye,* 4 C. & P. 386.)    The first count of the indictment is bad in substance.    (1 Wharton Crim. Pro. [10th ed.] § 196; *People* v. *Stone,* 9 Wend. 182; *People* v. *Winner,* 80 Hun, 130; *United States* v. *Hess,* 124 U. S. 483.)    The sentence is erroneous.    The defendant was entitled to receive an indeterminate sentence.    (*Sims* v. *Sims,* 75 N. Y. 466; *Matter of Ebbs,* 150 N. C. 44; *Hildreth* v. *Heath,* 1 Ill. App. [1 Bradw.] 82; *United States* v. *Barmabo,* 14 Blatch. 74; *Sias* v. *Hallock,* 14 Nev. 332; *Logan* v. *United States,* 144 U. S. 263; *People* v. *Zayas,* 217 N. Y. 78; *People* v. *Sturdevant,* 23 Wend. 418; *Comm.* v. *Dana,* 2 Metc. [Mass.] 329; *United States* v. *Guiteau,* 1 Mack. [D. C.] 498; 47 Am. Rep. 247; *People ex rel. Murray* v. *Becker,* 78 Misc. Rep. 666; Code Crim. Pro. § 543; *People* v. *Salter,* 191 App. Div. 723; 192 App. Div. 435.)

*Arthur Rowland, District Attorney* (*John Caldwell Myers* of counsel), for respondent.    The first count in the indictment is not duplicitous.    The demurrer was properly overruled.    (*Carl* v. *State,*· 125 Ala. 85; *Woods* v. *People,* 222 Ill. 293; *State* v. *Hall,* 111 Kan. 458; *Matter of Jones,* 46 Mont. 122; *State* v. *Mandich,* 24 Nev. 336; *Flynn* v. *State,* 47 Tex. Crim. Rep. 26; *West* v. *Commonwealth,* 125 Va. 747; *Wood* v. *People,* 222 Ill. 293; *U. S.* v. *Carlos,* 21 Philippine, 553; *Reg.* v. *Firth,* L. R. 1 C. C. 172; *Reg.* v. *Shepard,* L. R. 1 C. C. 118.)    The court properly imposed a flat sentence upon the defendant.    (*People* v. *Rattigan,* 172 App. Div. 957; *People* v. *Sickles,* 156 N. Y. 541; *Matter of Walters,* 128 Fed. Rep. 791; *People ex rel. Murray* v. *Becker,* 78 Misc. Rep. 666.)

LEHMAN, J.    The defendant has been found guilty of grand larceny in the first degree and sentenced to imprisonment for ten years.    The evidence clearly establishes, beyond reasonable doubt, that the defendant induced the

complaining witness, a widow seventy years of age, to deliver to him at various times between December, 1924, and May, 1925, possession of money and sound securities of the value of upwards of sixty thousand dollars, and in return the defendant delivered to the complaining witness some common stock of the Interstate Mortgage Corporation which she could have bought in the open market in New York city for a small fraction of the value at which the defendant sold it to her. Indeed, the proof shows that while the defendant was selling to this elderly widow stock at the price of seventy dollars per share, some of the very certificates of stock transferred to her were purchased by him in the open market at less than one-fifteenth of that price.

The indictment contains two counts. The first count charges larceny by false pretenses. The second count charges common-law larceny of the same property. The evidence fails to show guilt under the second count, and the trial judge at the request of defendant's counsel and with the expressed concurrence of the district attorney submitted to the jury only the question of defendant's guilt under the first count. Upon this appeal we need consider only the first count of the indictment and the evidence produced at the trial to prove its allegations.

The defendant demurred to the indictment on the ground " that it appears on the face thereof: (1) That more than one crime is charged in the first count of the said indictment within the meanings of sections 278 and 279 of the Code of Criminal Procedure; (2) That the facts stated in said first count do not constitute a crime." The demurrer was disallowed and the case proceeded to trial. The appeal from the judgment brings up for review the order disallowing the demurrer.

The evidence produced at the trial shows that defendant started in December, 1924, to defraud the complaining witness of as much property as he could induce her to deliver to him. Representations made in December

resulted in delivery of some securities. When these representations no longer had force to induce delivery to the defendant of further securities, the defendant by repetition and renewed solicitation gave to these representations new force, which resulted in the delivery of further securities. The complaining witness made a number of separate deliveries of stock; the defendant received them at different times. Separate deliveries were the result of representations made at different times. The demurrer, however, serves only to raise objections which appear upon the face of the indictment. The court in disallowing it passed only upon the language of the indictment. The first count of the indictment charges that " in or about the months of December, 1924, and January, February, March, April and May, 1925," the defendant obtained certain securities from the possession of the complaining witness by false and fraudulent representations. Such allegation does not require inference that the securities were delivered at separate times or as the result of separate orders or directions of the complaining witness. It does not require inference that fraudulent representations made at one time did not of themselves and without renewal or addition induce delivery of all the securities. The allegation of the time when the crime was committed is indefinite; yet that allegation might be sustained without variance by evidence which would show only a single crime. The demurrer was, therefore, properly disallowed. (*People* v. *Williams,* 243 N. Y. 162.) Different question would arise if proper objection had been made at the trial that the evidence showed that the possession of the securities was obtained by the defendant at different times and could not represent the consummation of a single crime, and if proper exception had been taken to the charge of the trial justice. It may be that the evidence shows guilt of a number of separate but closely related crimes instead of one crime as pleaded; it may even be that the evidence

is insufficient to show technical crime when the defendant obtained possession of some of the securities. No exception taken at the trial to ruling in regard to the admission or exclusion of evidence or to the charge raises such question of law. The defendant did not attempt to have the court draw such distinctions at the trial. Perhaps his counsel determined that such distinctions, even if drawn, would not benefit the defendant. The evidence of guilt would hardly be less convincing or conviction by the jury less certain if such distinctions were drawn. Other questions are raised as to the sufficiency of the indictment, and of the correctness of the rulings at the trial. We find no errors of any substance, and we conclude that the defendant is not entitled to a dismissal of the indictment or to a new trial.

The sentence, however, seems to us erroneous. It appears that in January, 1925, the defendant was sentenced in the United States District Court to imprisonment for thirty days upon a charge of using the mails in a scheme to defraud. There can be no question that except for the defendant's conviction upon the charge of using the mails in a scheme to defraud, the defendant must be sentenced to a State prison under an indeterminate sentence. (Penal Law, section 2189.) Under the provision of that section the court, however, might impose a sentence for the longest period fixed by law for the crime of grand larceny if the defendant was previously " convicted of a crime punishable by imprisonment in a state prison." It has been held by the courts below that in this case the defendant has been convicted of such crime. We do not so construe the statute.

In the absence of express statute, conviction or sentence under the laws of another State, government or country can have no effect by way of penalty or of personal disability or disqualification, beyond the limits of the State in which the judgment is rendered. (*Logan* v. *United States*, 144 U. S. 263; *Sims* v. *Sims,* 75 N. Y. 466.)

It is said that section 2189 does not provide additional punishment or disqualification, because of prior conviction, but merely adapts the details of punishment to the different characters and histories of the offenders for the purpose of accomplishing the best result by their punishment. (*People* v. *Rosen*, 208 N. Y. 169.) Such distinction cannot alone determine the proper construction of the statute. At least the statute gives to prior conviction new consequences. The result of the statute is to put a person " before convicted of a crime punishable by imprisonment in a State prison " in a different category from other persons. For the later offense of which such person has been convicted in this State, it imposes different penalty. We assume that the Legislature might base classification upon prior conviction for any crime in any jurisdiction. It has not done so. It has expressly based distinction upon conviction of a crime punishable by imprisonment in a State prison. We must determine, not by technical rules or canons of construction but in the light of the purpose and effect of the statute, the meaning which the Legislature intended that these words should bear.

The Legislature has determined that the previous history of a person convicted of crime is a factor which may determine the nature of the punishment which should be meted out to him. Persistence in a career of crime may evidence vicious character. Reform may be less probable after second conviction; protection to society may require unbending severity and untempered justice. The legislative purpose in enacting section 2189 of the Penal Law is to give effect to such considerations. Where guilt of another crime punishable by imprisonment in a State prison is evidenced by prior conviction, the court is not required to impose an indeterminate sentence. There may be doubt whether the Legislature intended that conviction only in the courts of this State, where trial is conducted in accordance with the standards and

subject to the safeguards against error provided by our own law, should be given such effect, or whether conviction under the laws of any other State, government or country should be given like effect. (See Penal Law, sections 1020 and 1941.) There can be no doubt, however, that the Legislature could not reasonably have intended by the use of the words " crime punishable by imprisonment in a State prison " to include crime which is not so punishable under the laws of this State. Unless the Legislature had definite standard of crime in mind, its classification would be to that extent arbitrary. We may not assume in the absence of unambiguous language that the Legislature intended to give to a conviction for an offense which we may regard as innocent, legal consequences within this State; or to treat as a confirmed criminal here one who has previously dòne no act to which we have attached the penalty of imprisonment in a State prison.

Here the offense is one which is cognizable only by the laws of the United States. While the citizens and residents of this State are subject to those laws, the Legislature of this State has not defined the crime or fixed penalty for its commission. While sections 157 and 158 of the Prison Law (Cons. Laws, ch. 43) of this State provide that a defendant convicted in the United States courts in this State may be received into any of the State prisons of this State, those provisions concern merely the means through which punishment under the laws of the United States may be carried out. The crime itself is not *punishable* under the laws of the State of New York. It rests with the Legislature to fix a standard for the crimes to which upon proof of prior conviction section 2189 of the Penal Law has attached new consequences. The Legislature has fixed a standard which can reasonably include only crimes which are punishable under the law of this State. Doubtless other reasonable standards might be used which would include the crime of using

the mails to defraud.   The Legislature has not seen fit
to apply such standards.   It follows that the defendant
should have received an indeterminate sentence.

We do not now decide whether the Legislature intended
to confine consequence of any prior conviction to con-
viction in this State.   That question is not entirely free
from doubt.   In view of the amendment of the Penal
Law by the addition of section 1943, it may never arise
in the future.   The defendant must now be resentenced.
Of course the new sentence will take into account the
imprisonment under the erroneous sentence.

The judgment should be reversed and the case remitted
to the Trial Term of the Supreme Court in Westchester
county to pass sentence according to the statute.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN,
CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.