Robert F. URBANO, Plaintiff,

v.

NEWS SYNDICATE CO., Inc., Defendant.

United States District Court
S. D. New York.

April 20, 1964.

Harris B. Steinberg, Stanley S. Arkin, New York City, Robert F. Urbano, pro se, for plaintiff.

Townley, Updike, Carter & Rodgers, New York City, James W. Rodgers, Anson M. Keller, New York City, of counsel, for defendant.

BONSAL, District Judge.

This action for libel based on an article published in defendant's newspaper "Sunday News", issue of December 9, 1962, was filed on October 25, 1963, and the defendant was served on October 29, 1963.

Plaintiff alleges that he is a citizen of Massachusetts and that he is presently incarcerated in the New Jersey State Prison at Trenton. With his complaint, plaintiff filed an application for leave to proceed *in forma pauperis,* with the requisite supporting affidavit.

Defendant moved for an order (1) dismissing the complaint on the ground that plaintiff has no capacity to sue, or (2) denying plaintiff's motion for leave to proceed *in forma pauperis* and striking his complaint from the files of this Court on the ground that the alleged cause of action has no merit. Defendant's motion came on for argument on January 7, 1964, and no attorney appearing for plaintiff, the Court, by memorandum dated January 16, 1964, appointed Harris B. Steinberg, Esq. attorney for the plaintiff with respect to plaintiff's motion to proceed *in forma pauperis* and defendant's motion to dismiss. Pursuant to said order, Mr. Steinberg duly served and filed a memorandum on February 28, 1964. In addition to the memoranda filed by Mr. Steinberg and by counsel for the defendant, the Court has considered two memoranda filed by plaintiff *pro se.*

The facts, briefly stated, are that on May 19, 1960 plaintiff, having been indicted in New Jersey for murder in the commission of robbery and having pleaded *non vult,* was sentenced to life imprisonment in the New Jersey State Penitentiary. On or about September 14, 1961, the Federal Bureau of Investigation issued a press release purporting to describe plaintiff's career and various crimes which he was alleged to have committed. On December 9, 1962, some fifteen months later, defendant published an article in the Sunday News, allegedly based on the F.B.I. press release. This article is the subject of plaintiff's libel action.

The crucial issue raised in both plaintiff's motion for leave to sue *in*

*forma pauperis* and in defendant's motion to dismiss is whether plaintiff has capacity to sue. Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity of an individual to sue shall be determined by the law of his domicile, and in his complaint plaintiff describes himself as a citizen of Massachusetts.[1] It appears that Massachusetts has no statute limiting the capacity of persons serving a life sentence to bring an action. Indeed, after diligent research, counsel have only been able to come up with two ancient Massachusetts cases, neither of them directly in point, from which they reach different conclusions. Greenough v. Welles, 64 Mass. Cush., 571 (1852); Commonwealth v. Green, 17 Mass. 515, 17 Tyng 417 (1822). The most the Court can glean from these cases is that under the old common law a domiciliary of Massachusetts serving a life sentence would be considered civilly dead in that State, but not outside of it. No Massachusetts authority has been submitted by counsel, and the Court has found none that bars this plaintiff from bringing an action in New York.

██ New York provides by statute that "A person sentenced to imprisonment for life is thereafter deemed civilly dead." New York Penal Law, McKinney's Consol.Laws, c. 40, § 511(1). Paragraph 3 of Section 511 of the Penal Law provides that a person who has been sentenced to imprisonment for life may institute an action while he is released on parole or after he has been discharged from parole with respect to matters other than those arising out of his arrest and detention. New York Penal Law, § 511 (3). Section 511 of the Penal Law is part of Article 46, Civil Rights. While New York may not legislate as to the status of persons outside the State, it may properly, in line with its own public policy (and in the absence of any overriding Federal constitutional consideration not here presented), limit the civil rights which may be exercised within the State by persons under life sentence anywhere. It seems to the Court that this is precisely what Section 511 does, and it is the Court's view that it is bound to follow Section 511, notwithstanding Rule 17(b), Fed. R.Civ.P. Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). See Hill v. Gentry, 280 F.2d 88 (8th Cir.), cert. denied, 364 U.S. 875, 81 S.Ct. 119, 5 L.Ed.2d 96 (1960).[2] In view of the lack of authority on the subject, it is doubtful whether the framers of Rule 17 (b) considered the case of individuals sentenced to life imprisonment.

In two cases the New York courts have applied Section 511 to bar suits by persons serving a life sentence in another state: In re Lindewall's Will, 287 N.Y. 347, 39 N.E.2d 907, 139 A.L.R. 1301 (1942) and Pallas v. Misericordia Hospital, 264 App.Div. 1, 34 N.Y.S.2d 881 (3rd Dept. 1942), aff'd 291 N.Y. 692, 52 N.E.2d 590 (1943). However, in these cases the indications are that the prisoners were New York domiciliaries and both involved property rights in New

---

1. Suggestion has been made that Urbano's domicile is in New Jersey where he is presently incarcerated. However, in the Court's view, plaintiff's arrest and imprisonment did not constitute a change of domicile, and if his domicile was in Massachusetts, it continued there until such time as he voluntarily changed his domicile to another state.

2. Compare Section 510 where the prohibition is limited to imprisonment *in a State prison.* As so limited, it has been held that the section does not apply to a person serving a sentence in a Federal prison. In re O'Connor, 173 Misc. 419, 17 N.Y.S.2d 758 (Sup.Ct., Sp.Term,

1940). No such limitation appears in Section 511. Section 510–a provides that no person who has been convicted of a felony shall have the right to register or vote at any election except as provided in Section 152 of the Election Law, McKinney's Consol.Laws, c. 17, which in turn provides, in para. 5, that no person who has been convicted in another state of a crime which would constitute a felony in New York may register or vote unless he has been pardoned or restored to citizenship rights in the other state. Compare also Section 514 regarding the protection of civil and public rights, where distinction is made between a citizen of New York and any other person.

**240**

York—Lindewall the right to share in an estate, and Pallas an award under the New York Workmen's Compensation Law.

In Jones v. Jones, 249 App.Div. 470, 292 N.Y.S. 705 (3rd Dept.), aff'd 274 N. Y. 574, 10 N.E.2d 558 (1937), the defendant Mrs. Jones married Montgomery in Virginia in 1911. Montgomery was sentenced to death in North Carolina following conviction of a felony, and his sentence was commuted to life imprisonment on June 11, 1923. The defendant married Jones in New York on May 26, 1923 (apparently before Montgomery's death sentence had been commuted). In 1935, Mr. Jones sued for annulment on the ground that Mrs. Jones already had a husband. The Appellate Division and the Court of Appeals, in reversing the trial court, held that Montgomery was legally dead at the time of Mrs. Jones' marriage to Jones and directed that the annulment action be dismissed. So, in Jones, New York applied its own public policy in determining that a man who married in another state and is serving a life sentence in a third state is legally dead.

It seems to the Court that the same rationale applies to all cases instituted in the New York courts by persons under life sentence, whether in a New York or in a non-New York penal institution, where New York rights are involved, including cases where the cause of action arises in New York. Plaintiff points out that a contrary decision was reached by a Federal court in Panko v. Endicott Johnson Corp., 24 F.Supp. 678 (N.D.N.Y. 1938), where the court, "not without some hesitation", (Panko at 682) denied a motion to dismiss a complaint founded on negligence alleged to have occurred in New York and brought by a plaintiff under life sentence in Florida. This case was decided before Lindewall and Pallas, and the decision leads to the anomalous result that access to the New York courts

may be had by nonresident plaintiffs serving life sentences in other states on causes of action arising in New York when such access is denied to persons serving life sentences in New York. It would be most unusual if in adopting the civil rights section of the Penal Law the Legislature intended to give greater civil rights to foreign felons than to New York felons.

■ Accordingly, the Court concludes that Section 511 embodies a declared public policy of New York and hence is a rule of New York substantive law binding on this Court under the doctrine of Erie R. R. v. Tompkins, supra, and acts as a complete bar to this Court taking jurisdiction of this action notwithstanding Rule 17(b) of the Federal Rules of Civil Procedure. Cf. Iovino v. Waterson, 274 F.2d 41, 45–48 (2d Cir. 1959), cert. denied, 362 U.S. 949, 80 S.Ct. 860, 4 L.Ed.2d 867 (1960).

In view of the foregoing, the Court need not pass on defendant's contention that plaintiff's action is frivolous and without merit, except to observe that if this were the only ground, the Court would not dismiss the action at this stage of the proceedings. This action presents substantial questions, as for example, whether plaintiff had any reputation to injure under the circumstances, and whether defendant's article, published fifteen months after the F.B.I. news release, was privileged.

The Court is greatful to Mr. Steinberg, who served without compensation as attorney for the plaintiff in this motion and who supplied the Court with a comprehensive memorandum of law.

Plaintiff's motion for leave to sue *in forma pauperis* is denied. Defendant's motion to dismiss the complaint is granted.

It is so ordered.