[Civ. No. 9177. Fourth Dist., Div. One. July 19, 1968.]

In re SHERRY ALEEN BARRICK, a Minor. ALYCE NADYNE LARKINS, Petitioner and Respondent, v. RICHARD DENNIS BARRICK, Defendant and Appellant.

L. Harold Chaille and Frank N. Denison for Defendant and Appellant.

Horton, Knox, Carter & Rutherford and J. Penn Carter for Petitioner and Respondent.

COUGHLIN, J.—Appellant, Richard Barrick, appeals from an order declaring Sherry Aleen Barrick, his minor daughter, free from his custody. Respondent Alyce Larkins, mother of the minor by her previous marriage to appellant, was the petitioner. ▮ By stipulation of the parties the sole issue

presented to the trial court was whether the minor was a person whose father was deprived of his civil rights due to the conviction of a felony and, for this reason, under the provisions of subdivision (d), section 232 of the Civil Code, should be declared free from the custody and control of her father.

The facts are undisputed. Appellant, the father, was convicted by a federal court of the federal offense of bank robbery; was 20 years of age at the time of his conviction; was found to be a suitable candidate for consideration under the Federal Youth Corrections Act; and, in lieu of imprisonment, was placed in the custody of the Attorney General for treatment and supervision under that act. Thus, the sole issue for determination is whether appellant was deprived of his civil rights due to the conviction of a felony. The trial court concluded appellant was deprived of his civil rights by his conviction of the federal offense. This was error.

The civil disabilities, if any, attendant upon conviction of a felony must be determined by the laws of the jurisdiction under which the conviction occurred. (*Hayashi* v. *Lorenz*, 42 Cal.2d 848, 852 [271 P.2d 18]; *Panko* v. *Endicott Johnson Corp.*, 24 F.Supp. 678, 682.) The civil disability statutes of California apply only to persons convicted in the courts of this state and imprisoned in the prisons of this state. (*Hayashi* v. *Lorenz, supra,* 42 Cal.2d 848, 852.) A person convicted of a felony against the United States, e.g., for bank robbery, as in the case at bench, under federal law is not deprived of his civil rights. (*Hayashi* v. *Lorenz, supra,* 42 Cal.2d 848, 852; *Hill* v. *Gentry*, 280 F.2d 88, 89.) Thus, appellant was not deprived of his civil rights, and the minor was not a person described in subdivision (d), section 232 of the Civil Code.

The order is reversed.

Brown (Gerald), P. J., and Whelan, J., concurred.