(Surrogate's Court, Suffolk County. September, 1905.)

EXECUTORS AND ADMINISTRATORS—DISQUALIFICATION.

　　Code Civ. Proc. § 2612, providing that no person can serve as an executor who at the time the will is proved shall have been convicted of an infamous crime, does not apply to one who has been convicted of an infamous crime and pardoned.

In the matter of the probate of the will of Sarepta Raynor. Letters granted.

Walter H. Jaycox, for proponents.
N. D. & N. O. Petty, for contestants.

BELFORD, S. The will of Sarepta Raynor was admitted to probate on the 1st day of February, 1905, upon the petition of one John Emison, the executor named in the will. On that day objections were filed raising the question of Emison's right to letters testamentary. It seems that in 1894 he had been convicted, or had pleaded guilty to the charge, of grand larceny, and had been sentenced to state prison for a term of years. At the expiration of one year he was pardoned, and the question presented is whether such pardon so far restores his civil and legal rights as to entitle him to letters in spite of the positive inhibition of the statute. The statute declares that:

　　"No person is competent to serve as an executor who at the time the will is proved * * * (4) shall have been convicted of an infamous crime."

It is urged on behalf of the contestant that the pardon does not remove this disability; that, while the statute provides relief for other disabilities (by giving proper bond), it is silent as to any relief for this particular disability; and that, as the disability is created by statute, it can be removed in no other way. It seems to the court, however, that in the absence of any distinct provision in the statute for the removal of the disability following the conviction for an infamous crime recourse must be had to the cases in which the general effect of such a pardon is defined. The earliest case which I have been able to find bearing upon the effect of a pardon is Matter of Deming, 10 Johns. 232.

In this case the court held that, having been pardoned, Deming was entitled to the custody of his infant children, for whom a guardian had been appointed during his civil death. The court uses this language:

"The effect of the pardon was to acquit the offender of all the penalties annexed to the conviction, and to give him a new credit and capacity."

This reasoning has been followed in all subsequent discussions of this question which I have found. It was said in Ex parte Garland, 4 Wall. (U. S.) 380, 18 L. Ed. 366, referring to a pardon:

"If granted after conviction, it removes the penalties and disabilities, and restores him to all his civil rights. It makes him, as it were, a new man, and gives him a new credit and capacity."

Knote v. United States, 95 U. S. 153, 24 L. Ed. 442, is even stronger, and would seem to be conclusive of the question. "In contemplation of law, it [the pardon] so far blots out the offense, that afterwards it cannot be imputed to him to prevent the assertion of his legal rights." One of his legal rights is the right to act as executor of a decedent's will unless some incapacity therefor is shown, and an "infamous crime" for which the offender has been convicted but pardoned, cannot under the authority of the last case be imputed to him as evidence of such incapacity. See cases cited in Roberts v. State, 30 App. Div. 106, 51 N. Y. Supp. 691; Id., 160 N. Y. 217, 54 N. E. 678.

No present incapacity is urged. It is not disputed that ever since Emison's pardon his life has been exemplary. That question is not raised. If he is to be refused letters now, it must be solely because of his conviction in 1894. But in view of the cases above cited I do not think this conviction can be urged against him so as to prevent the issue of letters. I therefore decide that the petitioner is entitled to letters testamentary.

Decreed accordingly.