In the Matter of the Estate of Louis Cohen, Deceased.

Surrogate's Court, Kings County, August 19, 1937.

*Whitehorn & Whitehorn,* for Herman Cohen and Morris Cohen, executors named in the will.

*Morris W. Vogel* and *Louis S. Ferst,* for Isidore Cohen, one of the executors named in will and objectant.

*Jack E. Levine,* for Sidney Cohen, one of the legatees.

*Bachrach & Bachrach,* for the Brooklyn Federation of Jewish Charities, legatee.

WINGATE, S. It is fortunately a rare occurrence that a testator experiences such wholesale misfortune in the identity of his nominated fiduciaries as is demonstrated in the present proceeding, in which the will named in this capacity the testator's three sons, Morris, Isidore and Hyman. Objection has been interposed to the qualification of each. No denial has been made of the several allegations of unfitness in respect to them, wherefore the sole question for determination as to each is as to whether the stated facts come within the description of the " incompetencies " enumerated in section 94 of the Surrogate's Court Act as disqualifying conditions.

It is alleged and not denied that Morris Cohen was, during the year 1932, convicted of the crime of forgery in the first degree in the Court of General Sessions in New York county, and that Hyman, alias Herman Cohen, was convicted before Judge Moscowitz in the Federal Court for the Eastern District of New York on September 27, 1935, of a violation of paragraph b of section 52 of title 11 of the United States Code, which is the making of a false oath in a proceeding in bankruptcy, and was sentenced to imprisonment for a year and a day at a Federal penitentiary or prison camp.

The incompetencies alleged against them both are obviously that each is " a felon " within the description of subdivision 4 of section 94 of the Surrogate's Court Act.

The charge against Isidore, falling as it does under subdivision 5 of incompetency by reason of dishonesty, is necessarily somewhat more detailed. It too stands undenied. Stripped of superfluous verbiage, it appears that after his discharge by Globe Store Fixture Co., Inc., in 1936, he falsely represented to a customer of that concern that he was authorized to collect a debt of twenty-five dollars from him; received the sum, and forged his former employer's name to a receipt; as a result of which he was convicted of the crime of petit larceny in the Court of Special Sessions in New York city. As a further specification of his incompetency by reason of dishonesty, it is recited that he committed perjury " in that he alleged under oath before a duly authorized clerk of " this " Court that he was a person competent to act as surety upon an undertaking filed in " the matter of the probate of the will of Esther Cohen,

" whereas, in truth and in fact, he was not such person competent to act as surety." It further appears that the matter was referred by the surrogate to the district attorney, that Isidore was indicted for the crime of perjury by the grand jury of Kings county on February 1, 1937, and is now awaiting trial therefor.

These are the three aspirants to fiduciary positions; appointment to which presupposes the possession and display of " something stricter than the morals of the market place." (*Meinhard* v. *Salmon*, 249 N. Y. 458, 464.) That all are more or less deficient in this vital characteristic is apparent. The sole question here presented, however, is as to whether this defect is as to any of their number such as to permit his escape from the statutory enumeration of the absolutely unfit.

That Morris is a felon is unquestionable, since he is a person who has been convicted in a court of this State of a crime which is punishable " by death or imprisonment in a State prison." (*Matter of Canter*, 146 Misc. 123, 129.) He is consequently absolutely incompetent within the terminology of the statute. (*Matter of Warger*, 153 Misc. 236, 239.)

Turning to the demonstration in respect to the past conduct of Isidore, it appears that within a comparatively brief space of time he committed petit larceny and forgery and that he perpetrated an act in this very court so egregious that the natural reluctance of the court to burden the district attorney with its affairs was overcome and the record certified to him for action, with the result that an indictment for felony was found against him, on which he is now awaiting trial. His argument that the conviction for the misdemeanor does not disqualify him under the statute, while unquestionably correct, begs the question, since the disqualification urged against him is not subdivision 4 but subdivision 5 of section 94, to the effect that he is incompetent by reason of dishonesty.

It is thoroughly settled that to accomplish disqualification on this ground an isolated act of wrongdoing is insufficient and that there must be a showing of a tendency or " habit of mind " toward wrongful action. (*Emerson* v. *Bowers*, 14 N. Y. 449, 454; *Ballard* v. *Charlesworth*, 1 Dem. 501, 502; *Coope* v. *Lowerre*, 1 Barb. Ch. 45, 47; *Coggshall* v. *Green*, 9 Hun, 471, 472; *Matter of Ferguson*, 41 Misc. 465, 468; *Matter of Flood*, 236 N. Y. 408; *McMahon* v. *Harrison*, 6 id. 443, 448.)

None of the authorities with which the court is familiar has indicated the number of instances of wrongdoing which must be shown to have occurred in order to establish that such a habit of mind exists. This court is unprepared to make the dogmatic

assertion that two or three deviations from the path of rectitude such as have here been demonstrated to have occurred would inevitably establish this requisite mental attitude, nor would it asseverate the contrary. Whichever answer to this question were to be adopted, however, it would be the height of folly to intrust the affairs of the estate to the unrestrained disposition " without bond " of one who has *prima facie* demonstrated to the satisfaction of this court his untrustworthiness in estate affairs. The determination in a competent court of the actual existence or non-existence of such unworthiness cannot be long delayed and is conceivably capable of acceleration by the applicant himself, if he so elects. If appointed at the present time and convicted, his removal would inevitably follow on the motion of the court itself. (Surr. Ct. Act, § 104, subd. 6.) If acquitted, the granting of an application for subsequent appointment would follow on the record as presently constituted. The slight attendant delay would not greatly prejudice his rights, whereas a present appointment might conceivably be attended by serious consequences to the estate. The court accordingly determines that on the record as it stands, Isidore is incompetent to receive letters within the inhibition of subdivision 5 of section 94 of the Surrogate's Court Act.

The situation of Hyman or Herman remains for evaluation. He was convicted of a Federal offense in a Federal court. The question of the inclusion of such a conviction under the connotation of subdivision 4 of section 94 was somewhat fully considered by this court, and pertinent authorities reviewed in its opinion in *Matter of Canter* (146 Misc. 123; see particularly pp. 129 *et seq.*). It was there noted that the right to name an executor is one of common-law origin (*Matter of Leland,* 219 N. Y. 387, 393), any statutory derogation from which is subject to strict construction (*Psota* v. *Long Island R. R. Co.,* 246 N. Y. 388, 393; *Dean* v. *Metropolitan El. R. Co.,* 119 id. 540, 547; *Matter of Latham,* 145 App. Div. 849, 854); that a felon is a person convicted of a crime which is or may be punishable by death or imprisonment in a " *State* " prison; and that a Federal offense does not comply with this description; wherefore, since disqualification from the right to act as an estate fiduciary is in reality an additional punishment inflicted on the individual for the offense (*Commonwealth* v. *Green,* 17 Mass. 515, 548; *Sims* v. *Sims,* 75 N. Y. 466, 470), and one governmental authority will not enforce penalties for the violation of the criminal laws of another (*The Antelope,* 10 Wheat. 66, 123; *Loucks* v. *Standard Oil Co.,* 224 N. Y. 99, 102; *Logan* v. *United States,* 144 U. S. 263, 303), it follows that the connotation to be accorded the word " felon " in subdivision 4 of section 94 of the Surrogate's Court Act must be a person who has

been convicted by a court of this State of a crime which is or may be punishable by death or imprisonment in a State prison.

As thus interpreted, the record fails to demonstrate that Hyman is incompetent to receive letters and they will issue upon his due qualification. The court is less disinclined to the attainment of this result in the present case, since the Federal conviction antedated the will by some time, indicating the probability of the testator's acquaintance with the fact. Letters to Morris are absolutely denied. The application of Isidore is presently denied, with leave to renew upon a demonstration that he has been acquitted in respect to the indictment now pending against him.

Enter decree on notice in conformity herewith.