In the Matter of LOUIS MILLER, Petitioner, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.

In the Matter of JACOB AUSLANDER, Petitioner, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.

Third Department, March 12, 1952.

*Joseph E. Brill, Coleman Gangel* and *Benj. J. Jacobson* for petitioners.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Solicitor-General,* and *Henry S. Manley* of counsel), for respondent.

Coon, J. The petitioners are doctors. They were convicted in the District Court of the United States for the District of Columbia for contempt of Congress for the refusal to produce certain records before a Congressional committee. That offense is a misdemeanor, therefore a crime. (U. S. Code, tit. 2, § 192.) Their conviction was affirmed by the Court of Appeals for the District of Columbia (*Barsky* v. *United States,* 167 F. 2d 241), and certiorari was twice denied by the Supreme Court. (334 U. S. 843, petition for rehearing denied 339 U. S. 971.)

Subsequently the Board of Regents of the State of New York made a determination as to each petitioner in disciplinary proceedings, which this proceeding under article 78 of the Civil Practice Act, seeks to annul. The Board of Regents acted under paragraph (b) of subdivision 2 of section 6514 of the Education Law, which authorizes discretionary disciplinary action against a licensed doctor who '' has been convicted in a court of competent jurisdiction, either within or without this state, of a crime ''.

Petitioners would interpret this language to mean that the '' crime '', wherever committed, must be one constituting a crime within the purview of the laws of the State of New York. They urge that there is no such crime as contempt of Congress in this State. Petitioners rely principally upon *Matter of Donegan* (282 N. Y. 285), and *People ex rel. Marks* v. *Brophy* (293 N. Y. 469). Both of these cases involved mandatory punitive action, not discretionary; and neither involved the statute which we are considering here.

When the Legislature used the words '' within or without this state,'' it presumably meant what it said. There is no ambiguity in that language. Had the Legislature meant a crime '' without the state '' which would constitute a crime within this State, it would have said so, as it has in other instances. (Education Law, § 6502.)

Petitioners also urge that the crime of which they were convicted bears no relation to the practice of medicine, and involves no moral turpitude. The conviction for any crime bears some relation to the practice of any profession, and moral turpitude depends upon a point of view and existing circumstances.

Presumably, and by its language, the Legislature intended the Board of Regents to determine those questions and exercise its discretion.

The legal history of the trial, conviction and appeals conclusively establishes that petitioners were convicted by a " court of competent jurisdiction," and we think the Board of Regents acted within its lawful authority in making these determinations.

The determination in each case should be confirmed.

FOSTER, P. J., HEFFERNAN, BREWSTER and BERGAN, JJ., concur.

Determination in each case confirmed, without costs. [See *post*, p. 1101.]