In the Matter of the Probate of the Will of GEORGE JOHNSON, Deceased.

Surrogate's Court, Kings County, May 9, 1952.

*Gabriel J. Dalton* for Mary B. Johnson, proponent.

*Burton G. Rudnick* for Ida Valentine and others, contestants.

RUBENSTEIN, S. The court is satisfied that the propounded instrument was executed in compliance with the requirements of section 21 of the Decedent Estate Law and at the time of such execution decedent was of full age, competent in all respects to make a will and free from any restraint or undue influence.

The sole question remaining is whether letters testamentary shall issue to the nominated executrix, the petitioner. It is contestant's claim that petitioner is incompetent to serve because of the provision of section 94 of the Surrogate's Court Act, which forbids the issuance of letters testamentary to a felon. The facts upon which such claim is based are undisputed. On

October 13, 1933, in the State of New Jersey, the petitioner was convicted of the crime of bigamy and sentenced to imprisonment for an indeterminate term in the State Reformatory for Women, Clinton, N. J. Petitioner married the decedent on February 10, 1951; the propounded instrument was executed on May 18, 1951, and the decedent died on July 1, 1951.

A member of the New Jersey Bar testified that in that State the crime of bigamy was graded as a misdemeanor at the time the offense was committed by the petitioner, but that on January 1, 1952, it was reclassified as a high misdemeanor. It is contestant's contention that regardless of the title characterizing the said crime in New Jersey, it is a felony in this State, and, therefore, letters may not issue to the petitioner. On the other hand, it is petitioner's contention that as she was not convicted of a crime graded as felony she is not a felon and, in any event, letters may not be withheld from her as the crime was not committed within this State. As the court understands petitioner's argument, it is that a person convicted of a crime or crimes in any or all of the other forty-seven States which would be felonies in this State would still be entitled to qualify as a fiduciary in this State.

The crime of bigamy was not a felony at common law, and as the grade of petitioner's offense, when committed, was not statutorily stated, it was a misdemeanor under New Jersey law (*State* v. *Warady,* 78 N. J. L. 687, 691). The punishment for such crime was then fixed as a fine not exceeding $1,000 or imprisonment not exceeding ten years or both (N. J. Stat. Ann. § 2:113–1). The statutes then also provided that crimes specifically graded and without fixed punishments were punishable, in the case of misdemeanors, by fine not exceeding $1,000 or imprisonment not exceeding three years, or both, and in the case of high misdemeanors, by fine not exceeding $2,000 or imprisonment not exceeding seven years, or both (N. J. Stat. Ann. § 2:103–6 and 2:103–5, respectively). The permissible imprisonment sentence for bigamy, therefore, exceeded that which could have been imposed if it had been classified as a high misdemeanor and without specific provision for punishment. Bigamy in this State is a felony punishable by imprisonment in a penitentiary or State prison for not more than five years (Penal Law, §§ 340, 342, subd. 6).

A facet of the problem was considered in *O'Brien* v. *Neubert* (*Matter of O'Brien*) (3 Den. 156) and letters of administration issued to the decedent's son who had been convicted in New Jersey of the crime of larceny. Our statutes then provided

that letters could not be issued to a person convicted of an infamous crime. The opinion does not state the degree of the larceny. In *People* v. *Olah* (300 N. Y. 96) the defendant had been convicted in New Jersey of the crime of larceny, the degree of which was classified as a high misdemeanor and that grade of crime was there defined as a theft of or above $20. It was held that the statute upon which the defendant's indictment was drawn defined and measured the crime, and it was, in contemplation of law, a theft of no more than $20 and, therefore, the defendant had been convicted of a crime which is not a felony in this State. The degree of larceny perpetrated by the decedent's son in *Matter of O'Brien (supra)* would not, therefore, be material as it could not have attained the stature of a felony in this State.

In *Matter of Canter* (146 Misc. 123) objections were interposed to the issuance of letters testamentary to one of the nominated executors, as he had been convicted in a United States District Court of a Federal offense graded as a felony. Under the laws of this State, a similar offense was a misdemeanor (p. 125). He was thereafter pardoned by the President of the United States. Even had he been convicted of a crime which under the laws of this State would have been a felony, his subsequent pardon removed his disability to act as an executor *(Matter of Raynor,* 48 Misc. 325 and cases cited). The objections were dismissed.

In *Matter of Cohen* (164 Misc. 98) one of the nominated executors had been convicted of making a false oath in a bankruptcy proceeding, a felony under the laws of the United States. Objections to his appointment were dismissed as his conviction was not one punishable by death or imprisonment in a State prison. The opinion does not disclose whether the offense, perjury, would have been graded as a felony or misdemeanor under article 158 of the Penal Law, had it been committed in a proceeding in a court of this State, or whether it would have been cognizable at all under our laws. The decision was affirmed (254 App. Div. 571, 278 N. Y. 584).

In *Matter of Donegan* (282 N. Y. 285, 291–292) it was observed that " More recently, in *Matter of Cohen (supra),* this court affirmed a determination that the word ' felon ' as used in subdivision 4 of section 94 of the Surrogate's Court Act, in disqualifying certain persons from holding fiduciary offices, does not include one rendered a felon by Federal statute who was not such under New York law." The sentence preceding that reads, " Likewise, in construing the terms of a commutation of

sentence by the Governor, it was held in *People ex rel. Atkins* v. *Jennings* (*supra*) [248 N. Y. 46], that the use of the term ' felony ' referred to crimes which are felonies by the laws of this State.'' In discussing the early origin of the term '' felony '' and its subsequent history, the court further observed, at pages 290–291, that with respect to felony convictions for Federal crimes, three situations were present: '' (1) Where an offense is a felony under Federal law and also a felony under the New York law; (2) where an offense is a felony under Federal law but is a crime less than a felony in this State; (3) where an offense is a felony solely under Federal Law and is not cognizable at all under our laws. It is submitted that only the first of the three categories is covered by section 88 of the Judiciary Law.'' That is now section 90 of the Judiciary Law, subdivisions 4 and 5 of which regulate the disbarment of attorneys upon conviction of felonies and their reinstatement upon pardon. The holding by the court in the *Donegan* case that automatic disbarment arises only from convictions of felonies which are also felonies under New York laws, would indicate that its affirmance in *Matter of Cohen* (278 N. Y. 584, *supra*), without opinion, was based upon the fact that the nominated executor was not a felon under the laws of this State.

In addition to the three situations listed in the *Donegan* case, there is also a fourth situation, to wit: where the offense is a misdemeanor under the Federal law but a felony under our law. It is wholly probable that such situation was envisaged by the court in the light of its conclusion at page 290, that '' Thus the classification of crimes into felonies and misdemeanors represents the view which the *given* [emphasized in original] jurisdiction takes of the gravity of the offense '', and considered a fourth listing as superfluous, as an offense must be judged by our standards. That test makes the crime of bigamy committed by the petitioner in New Jersey and there graded as a misdemeanor, a felony in this State. No valid reason is apparent why the aforesaid categories are not as equally applicable to convictions for crimes in other States.

The principle that the crime must be a felony both under the Federal and our law before additional effect to the crime may be imposed upon the convicted person has also been followed with respect to convictions in other States of crimes which would be felonies here (*Matter of Stein,* 199 App. Div. 673; *Matter of Innes,* 176 App. Div. 902; *Matter of Sullivan,* 246 App. Div. 393; Penal Law, § 1941). Added support for that principle is

found in sections under the Education Law (tit. VIII, art. 131 *et seq.*), regulating some of the professions, which provide generally that the conviction of a person of a crime, which if committed within the State would be a felony, shall deprive such person of the right to a license, or to revoke his license, to practice his profession in this State, to wit: Medicine (§ 6502); Dentistry (§ 6613, subds. 12, 13); Veterinary (§ 6702); Podiatry (§ 7011, subd. 8, pars. a, b). In language less definite, but undoubtedly of equal application as the foregoing provisions, are the requirements in other sections that an applicant for professional license be of good moral character, and in the case of a licensee that he be not thereafter convicted of a felony anywhere, to wit: Pharmacy (§ 6803, subd. 1, par. b, § 6804, subd. 1); Engineering (§ 7205, subd. 1, par. c, § 7210, subd. 1, par. e); Architecture (§ 7304, subd. 1, § 7308, subd. 1, par. e); Accounting (§ 7404, subd. 1, § 7406, subds. 1 and 3). In still other sections it is provided that an applicant be of good moral character and that a licensee be not convicted of a crime, to wit: Nursing (§ 6905, subd. 1, par. [b], § 6911, subd. 1, par. a); Optometry (§ 7105, subd. 1, § 7108, subd. 1). In *Matter of Miller* v. *Board of Regents* (279 App. Div. 447) it was held that two doctors were subject to disciplinary action for the commission of a Federal misdemeanor, therefore a crime, and that " The conviction for any crime bears some relation to the practice of any profession, and moral turpitude depends upon a point of view and existing circumstances." (P. 448.) Deprivation of the right of suffrage follows upon a felony conviction either in or outside of the State (Election Law, § 152, subds. 2, 3, 4 and 5).

In all of the cited instances there has been uniformity of consequences in this State attendant upon, or prescribed for, conviction of a crime, the equivalent of a felony in this State. That is so whether the conviction be for a crime committed in this State, another State or under the Federal law. To hold that the petitioner's conviction of the crime of bigamy in New Jersey does not make her a " felon " within the provision of subdivision 4 of section 94 of the Surrogate's Court Act would accord to her not " *equal* (emphasis supplied) protection of the laws of this state " (N. Y. Const., art. I, § 11), but greater protection and would result in discrimination against all persons convicted either in this State, or Federal courts, of crimes which are felonies. Such a result seems unconscionable.

In *Matter of McKinney* v. *Hamilton* (282 N. Y. 393, 397) the definitions with respect to crime were restated: " A felony is

a crime punishable by death or imprisonment in a State prison. Any other crime is a misdemeanor. (Penal Law, § 2.) When the sentence is for less than a year the imprisonment must be in a local prison; if for more than a year the imprisonment must be in a State prison and in either when the sentence is exactly one year. In no event may imprisonment in a State prison be reduced below one year except in cases where executive clemency is exercised. (Penal Law, §§ 2181–2183.) '' In other words, it is the period of incarceration or permissible incarceration under the statute which makes the crime a felony. Expressed in different terms is the statement, together with citation of authorities, in *People* v. *Reson* (249 App. Div. 54, 58): '' It is not necessary that the statute should declare in express terms that an act is either a felony or a misdemeanor; the punishment affixed determines that.'' The characterization of the place wherein the punishment is to be satisfied as a '' State prison '' serves merely to differentiate it from other institutions wherein a lesser sentence is to be served.

Consonant with all of the foregoing principles and the holding in the *Matter of Donegan (supra)* the petitioner, having been convicted of a crime, which is a felony in this State, is, therefore, a felon within both the letter and spirit of subdivision 4 of section 94 of the Surrogate's Court Act and she is, therefore, disqualified to receive letters.

Proceed accordingly.