Birdie Amsterdam, J.
The instant application is in the nature of an order of prohibition under article 78 of the Civil Practice Act.
Petitioning corporation was indicted by the New York County Grand Jury. It seeks to restrain the Court of General Sessions of the County of New York, a Judge thereof, and the Attorney-General of the State of New York, from proceeding with the trial on the indictments against petitioner.
The moving papers disclose that petitioner and its president were indicted on August 11, 1960, upon five felony and four misdemeanor counts. Four of the felony counts charge the defendants therein with larcenies by false pretenses, in violation of section 1290 and subdivision 3 of section 1294 of the Penal *935 Law. The other felony count charges said defendants with the crime of false statement or advertisement as to securities, in violation of section 952 of the Penal Law. The remaining counts are misdemeanors charging violations of article 23-A of the General Business Law involving fraudulent practices pertaining to securities. The defendants’ demurrer to the four felony counts was sustained by the Court of General Sessions and leave was granted by that court to the Attorney-General to resubmit those counts to the Grand Jury. The latter, on November 4, 1960, returned a four-count felony indictment against said defendants charging them with the crimes of larcenies by false pretenses. The two indictments were consolidated by order of the Court of General Sessions, and the matter is now pending for trial before a Judge of that court.
Petitioner contends that section 1290 of the Penal Law upon which four counts charging larcenies by false pretenses are based, and section 952 of the Penal Law, upon which the remaining felony count is based, were repealed and superseded by section 352-c (art. 23-A) of the General Business Law. Article 23-A of the General Business Law, commonly known as the Martin Act, covering fraudulent practices in respect to stocks, bonds and other securities, was amended by chapter 553 of the Laws of 1955, by adding a new section, 352-c, and entitled “ Prohibited acts constituting misdemeanor ”. An examination of this section with section 1290, subdivision 3 of section 1294 and section 952 of the Penal Law does not sustain petitioner’s contention that article 23-A abrogated the aforesaid sections of the Penal Law with respect to security transactions.
The general rule is that repeal of a statute by implication is not favored (County of Saratoga v. Saratoga Harness Racing Assn., 4 N Y 2d 622, 627). The absence of an express provision in a later statute, for repeal of an earlier one, gives rise to a presumption that repeal was not intended (Cimo v. State of New York, 306 N. Y. 143, 148-149). If, by any fair construction, the statutes involved can be given operation, implied repeal will not be declared (Matter of Tiffany, 179 N. Y. 455, 457). Penal statutes even though they cover substantially the same offenses may stand together (People v. Dwyer, 215 N. Y. 46, 52).
It is obvious that the purpose of the amendment was to render more amenable to prosecution for misdemeanor those offenses embraced in the amendment by a liberal construction thereof, rather than elimination by repeal or otherwise of the then existing felony statutes. The application is denied and the petition is dismissed.