S. Samuel Di Falco, S.
In this probate proceeding, objections have been made to the issuance of letters to the nominated executrix on several grounds, one of which is -that she is disqualified as “ a felon” (SCPA 707, subd. 1, par. [d]). It is not disputed that the nominated executrix was found guilty in ■the. United States District Court of a violation of sections 1546 and 3238 of the ■ United States Code, in that she made false statements under oath in an application for an immigrant visa and for alien registration. She was sentenced to imprisonment for a period of1 one year, but execution of the sentence was suspended and she was placed on probation for a period of two years. Her conviction was appealed to the United States Court of Appeals, the main question on appeal being .the jurisdiction of the District Court to indict and convict a foreign- citizen for the action taken in the foreign country. It appears from ‘the opinion of the Court of Appeals that the defendant was accused *509 of willfully making under oath a number of false statements, each of which was patently material to the matter, and that the evidence to sustain the charge was “so overwhelming” that the court deemed it unnecessary to discuss it. The District Court was held to have jurisdiction in the matter, and the conviction was.affirmed. (United States v. Pizzarusso, 388 F. 2d 8, 9.)
The respondent claims that the crime was not a felony, and that in any event the conviction does not disqualify her under SCPA 707, citing as authority Matter of Cohen (164 Misc. 98, affd. 254 App. Div. 571, affd. 278 N. Y. 584).
Section 707 declares ineligible to receive letters in the State of New York any person who is “a felon”. That term has been defined to mean a person convicted of a felony. (Matter of Warger, 153 Misc. 236; Matter of Canter, 146 Misc. 123, 129; Matter of Cohen, supra.) When Matter of Cohen was decided, our statute defined as a felony, an offense punishable by death or imprisonment “ in a State prison ”. (L. 1909, ch. 88, § 2.) The crime which the court considered in that case was one that was punishable under Federal statutes. Adverting to the rule that a statute stating a ground of disqualification of a named fiduciary must be very strictly construed, the Surrogate interpreted the word “ felon ” (as used in what was then section 94 of the Surrogate’s Court Act) to mean only “ a person who has been convicted by a court of this State of a crime which is or may be punishable by death or imprisonment in a State prison.” (Matter of Cohen, 164 Misc. 98, 101-102, supra.)
It must be noted that in the Penal Law now in effect (L. 1965, ch. 1030; § 10.00, subd. 4) “Felony” is defined to mean “an offense for which a sentence to a term of imprisonment in excess of one year [may be imposed] ’ ’. Thus the text which required the courts to rule that the crime must be one punishable by imprisonment in a State prison, is no longer in the statute, and the new definition of the term would not support the earlier construction.
It is true that in the Cohen case, the Appellate Division rested its decision not only upon the statutory definition of the term “felony” but also upon the authority of earlier cases dealing with the disqualification as a witness in , a civil proceeding of one convicted of a felony (Sims v. Sims, 75 N. Y. 466; National Trust Co. of City of N. Y. v. Gleason, 77 N. Y. 400, 410) and those dealing-with the added penalty to one theretofore convicted of a felony (People v. Gutterson, 244 N. Y. 243). The Court of Appeals pointed out in Sims v. Sims (supra, pp. 468, *510 469) that the statute (2 Ohio Rev. Stat. 701, § 23) which disqualified the person as a witness did not apply to a conviction in another State, but only to a conviction in this State because the disqualification was ££ in the nature of an additional penalty consequent upon the sentence” and a disqualification of a penal nature resulting from a conviction would be strictly territofiál in its effect and could not be enforced beyond- the boundaries of the State where sentence was imposed.
However, the grounds Of ineligibility stated in SCPA 707 are not designed as punishment for wrongful conduct, but rather as a protection to the estate and to the persons interested against one who has demonstrated in some respect his unsuitability for the office or one who has not attained the age deemed suitable for fiduciary duties. In this respect the statute is similar , to that which disqualifies as attorney at law one convicted of a felony. An attorney who has been £ £ convicted of a felony ” must be stricken from the role of attorneys (Judiciary Law, § 90, subd. 4), and he ceases thereafter to be competent to practice law. The term ££ felony”, as used in the Judiciary Law, applies to convictions in the Federal courts (Matter of Hodgskin, 193 App. Div. 217; Matter of Seanlon, 12 A D 2d 21; Matter of Levin, 24 A D 2d 23), as well as conviction in another State (Matter of Sullivan, 246 App. Div. 393). Section 1546 of title 18 of the United States Code provides that anyone who £ £ falsely makes any immigrant or noniriimigrant visa, permit, or other document required for entry into the United States ” shall be fined not more than $2,000 or imprisoned not more than five years or both. Title 18 (§ 1, subd. [1]) provides: ££ Any offense punishable by death or imprisonment for a term exceeding one year is a felony.”' A similar crime would also be a felony in New York (Penal Law, § 210.10). In any event it is a felony under Federal law, a crime of sufficient gravity to call for a sentence up to five years.
The court, therefore, holds that the ndminated executrix is ineligible to serve under SCPA 707, and the motion to deny her application for letters testamentary is accordingly granted.