Millard L. Midonick, S.
This is a motion by the petitioner in the proceeding for the revocation of letters testamentary, for summary judgment revoking the letters issued to Paul M. Kaufman, one of three executors, upon the ground that he was ineligible to act as fiduciary, being ‘ ‘ a felon ’ ’ (.SCPA 707, suibd. 1, par. [d]), and his letters must be revoked under subdivision 1 of SCPA 711. Annexed to the motion for summary judgment is a copy of an order of the United States District Court for the Southern District of New York, convicting Paul M. Kaufman “ of the offense of unlawfully, willfully and knowingly, in the offer and sale of securities, using and causing to be used means and instruments of transportation and communication in interstate and foreign commerce and the ■mails in employing devices, schemes and artifices to defraud, in obtaining money and property by means of untrue statements of material facts and the engagement of transactions which would operate and did operate as a fraud and deceit upon the purchasers of securities. (Title 15, U. S. Code, Sections 77q(a) and 77x; Title 18, U. S. Code, Section 2); and conspiring so to do. (Title 18, U. S. Code, Section 371) ”, as charged in 12 separate counts in the indictment.
The moving party points out that section 77x states that anyone who willfully violates any provision of that chapter of *425 the code shall upon conviction be fined not more than $5,000 or imprisoned not more than five years, or both. The order of the District Court directed the imprisonment of .the defendant foi) a period of nine months on each of 12 counts, with execution of the prison sentence suspended, and the defendant placed on probation for a period of two years. Monetary fines were also imposed. The moving party contends that the defendant in that case was convicted of a felony, and is therefore “ a felon”, and ineligible to serve as executor under SOPA 707 (subd. lj par. [d]). The fact of the conviction is not disputed. The executor contends that the offenses of which he was convicted would not constitute a felony under the law of the State of New York, and that he is therefore not “ a felon” within the meaning of SOPA 707.
The judgment of the District Court had been appealed to the United States Court of Appeals and there affirmed (United States v. Kaufman, 429 F. 2d 240). It appears from the opinion on appeal that the first count in the indictment was the conspiracy count and the other 11 counts charged violations of subdivision (a) of section 77q and section 77x óf title 15 of the United States Code in sending confirmations of the stock transactions through the mails (p. 242). The Court of Appeals said that the jury having found the appellant guilty, the evidence must be viewed most favorably to the Government, and as so viewed “ the evidence established an unlawful conspiracy to sell Kr oil’s Donbar stock through the use of fraudulent and manipulative devices, and the participation of each of the appellants in the conspiracy.” (p. 243.)
.Subdivision (a) of section 77q of the code states that it is unlawful for any person in the offer or sale of securities by the use of any means or instruments of transportation or communication in interstate commerce, or by the use of the mails, directly or indirectly, to employ any device, scheme or artifice to defraud, to obtain money by means of any untrue statement of material facts or to engage in any transaction or practice which would operate as a fraud or deceit upon the purchaser. The executor points out that the conduct here punishable is similar to that which is prohibited in New York by section 352-c of the General Business Law. That section makes it illegal for any .person to use or employ fraud, deception, false pretenses or pretended purchase or sales of securities or to make any false representation for the promotion, issuance, purchase or sale of securities within or without the State. It makes it illegal for any person to engage in any artifice, agree *426 ment, device or scheme to obtain money, profit or property by ¡any of the means prohibited by section 352-c. Any person violating any of the provisions of that section is guilty of a misdemeanor (§ 35'2-c, subd. 3).
All parties are agreed that in order to render a person ineligible to serve as fiduciary because he is a “ felon”, it is necessary that the offense of which he was convicted must be a felony under the law of the State of New York, as well as under the law of the jurisdiction in which he was convicted. In Matter of Thompson (75 Misc 2d 508) where this court ruled ineligible a nominated executor who had been convicted in the United States District 'Court of a violation of the immigration laws, the court pointed out that the conduct would be punishable as a felony under New York law, as well as under Federal law.
The moving party contends that the acts for which the executor was convicted, are punishable in New York under section 1'5'5.05 of the Penal Law (formerly § 1290), which defines the crime of larceny. That crime includes obtaining property by false pretenses, false promises or schemes to defraud. iShe contends that this section covers the same conduct as subdivision (a) of section 77q of title 15 of the United States Code, citing Matter of Bradford Audio Corp. v. Court of General Sessions (28 Misc 2d 934) as authority for that argument. In the cited case, however, the petitioner had been indicted upon five felony counts under section 1290, subdivision 3 of section 1294 and section 952, and four misdemeanor counts under article 23-A of the General Business Law. All that the court held was that article 23-A did not repeal by implication the sections of the Penal Law insofar as security transactions were concerned. The purpose of article 23-A, said the court (p. 935) “was to render more amenable to prosecution for misdemeanor those offenses embraced in the amendment by a liberal construction thereof, rather than elimination by repeal or otherwise of the then existing felony statutes.” In other words, the General Business Law might cover some of the same acts which are embraced in the Penal Law, but would also cover other acts and conduct not punishable under the Penal Law. It is to be noted that article 21-A of the General Business Law also relates to fraudulent transactions in securities, almost all of which are classified as misdemeanors (§§ 339, and 339-a through 339-e).
It has been held that the conspiracy count (violation of U. S. Code, tit. 15, § 77q, subd. [a] ; tit. 18, § 1841) is a crime con *427 stituting a misdemeanor under the laws of this State (Matter of Kanarek, 33 A D 2d 280). The other acts, outside those which are purely Federal offenses, would violate provisions of the. General Business Law and would constitute misdemeanors. If the same acts would also constitute the crime of larceny, it is not established on this record.
The motion for summary judgment is accordingly denied.