OPINION OF THE COURT
Lawrence E. Kahn, S.
In this proceeding, petitioner Edward H. Bashwinger applies for letters of limited administration in the estate of his son, Warren Bashwinger. Petitioner’s former spouse, Nancy Hacker, objects to this application and further cross-petitions *717 for letters on her own behalf. Both petitioner and cross petitioner as parents of the deceased have an equal right to receive letters.
Cross petitioner moves to deny letters to petitioner on the ground that he is statutorily ineligible to receive letters as set forth in SCPA 707 (subd 1, par [d]). That section states in part that:
"Letters may issue to a natural person or to a person authorized by law to be a fiduciary except as follows:
"1. Persons ineligible * * *
"(d) a felon”.
Petitioner admits that he was convicted of felonies on two separate occasions. There is no doubt that he is a convicted felon and therefore ineligible to receive letters. However, petitioner contends that his ineligibility can be cured by his presently pending application for a "Certificate of Good Conduct” which has been submitted to the New York State Department of Correctional Services. Petitioner states that the granting of this application would remove all disqualifying disabilities and would make him eligible to receive letters. Petitioner’s applicatin is now under consideration and a decision should be forthcoming at sometime in the future.
The first issue before the court is whether petitioner is legally disqualified from receiving letters on the ground that he was a convicted felon at the time he made application for letters. Cross petitioner contends that inasmuch as petitioner was ineligible to receive letters at the time application was made, such application should be denied. Petitioner responds that while he was a convicted felon and thus ineligible to receive letters at the time application for letters was made, said ineligibility can be cured during the pendency of his application. Petitioner alleges that the wording of the statute indicates a concern to whom letters may issue, rather than who may apply for letters. Petitioner asserts that an individual may apply for letters while being a felon and thereafter and prior to the issuance of letters remove this disability by a pardon or other similar relief and thus become eligible to receive letters.
The intent of SCPA 707 is to protect an estate from individuals who have demonstrated that they are in some respect unsuitable to hold a position of such trust. (See Matter of Thompson, 75 Misc 2d 508.) The Legislature has decided *718 that a person convicted of a felony is ineligible to serve in a fiduciary capacity in an estate proceeding because their past felonious conduct indicates an unsuitability to be entrusted with the affairs of others in a court proceeding. While a felon by operation of this statute cannot serve as an estate administrator, this hard and fast rule can be vitiated by certain procedures under the Correction Law of New York State. By obtaining a pardon, a certificate of relief from disabilities and/ or a certificate of good conduct, a convicted felon has the opportunity to show that his past conduct does not justify the continued statutory prohibition to serve as an estate fiduciary.
In the case at bar, if petitioner is able to successfully obtain such relief from the Department of Correctional Services, this court would find him eligible to receive letters and would then decide whether he or cross petitioner was best able to administer this estate. The fact that petitioner was a convicted felon at the time he applied for letters would not automatically bar him from receiving letters if prior to the determination of this court he did receive relief from forfeitures and disabilities under the Correction Law.
However, this court need not postpone this proceeding to await the result of petitioner’s application nor should the court delay the administration of this estate while petitioner seeks such relief. The prime concern of a Surrogate’s Court is to see that all estates are properly administered as expeditiously and inexpensively as possible. There is no reason to have this pending proceeding delayed to await the outcome of petitioner’s application for relief under the Correction Law. In fact, the affidavit of cross petitioner sets forth that petitioner has made a preliminary application to the Albany County Court for such relief which has been denied. Even if this were not the case, there is no reason to delay this proceeding any further since the court has before it a properly filed cross petition by an individual who is eligible to receive letters and who has a right equal to petitioner.
As a practical matter, it appears that the main asset of this meager estate may be a wrongful death action. In any tort action, it is essential that proceedings be commenced and pursued as quickly as possible. It should also make little or no difference as to whether petitioner or cross petitioner is administrator of the estate, since the actual size of the estate will depend upon the prosecution of the wrongful death pro *719 ceeding which cannot be settled without having first obtained jurisdiction of the other parent.
Accordingly, the application of petitioner for letters of limited administration is hereby denied and letters of limited administration are hereby granted to cross petitioner.