OPINION OF THE COURT
Charles J. D’Arrigo, J.
In this probate proceeding, the decedent died on June 4, 1986, a resident of Richmond County. Offered for probate by decedent’s daughter, Rose McBrien, a nominated coexecutor therein, was an instrument, dated March 25, 1986, purporting *619 to be the last will and testament of the decedent. The prayer for relief in the probate petition sought the issuance of letters testamentary to the petitioner and the other nominated coexecutors, Charles J. Murphy, John M. Murphy, and Frank Murphy, Jr. Upon the filing of the papers at the clerk’s office, the issue of John M. Murphy’s eligibility to receive letters under SCPA 707 (1) (d) and (e) arose.
At a conference, it was requested by all attorneys and consented to by the court that the will be admitted to probate and that letters testamentary be issued to Rose McBrien, Charles J. Murphy and Frank Murphy, Jr. It was further agreed that the issuance of letters testamentary to John M. Murphy be deferred pending resolution of the issue of his eligibility in accordance with SCPA 707 (1) (d) and (e). Accordingly, the will was admitted to probate and letters testamentary issued to Rose McBrien, Charles J. Murphy and Frank Murphy, Jr., on October 10, 1986.
The pertinent statute herein is SCPA 707 which provides: "Letters may issue to a natural person or to a person authorized by law to be a fiduciary except as follows:
"1. Persons ineligible * * *
"(d) a felon
"(e) one who is incompetent to execute the duties of his office by reason of drunkenness, dishonesty, improvidence or want of understanding.”
Memoranda of law were submitted on behalf of John M. Murphy in which he contends that he is not a person ineligible to serve as a fiduciary pursuant to SCPA 707 (1) (d) and (e).
Relative to the issue of ineligibility pursuant to SCPA 707 (1) (e), the weight of authority is to the effect that the showing against a nominated executor must be relatively strong in order to disqualify him on the ground of dishonesty. Indeed, the choice of the decedent should not be set aside lightly. (In re Mecko’s Will, 70 NYS2d 41.) The court is likewise mindful of the standard set for dishonesty conduct which would render one incompetent to execute the duties of a fiduciary. This standard is found in Matter of Latham (145 App Div 849) and its progeny. In Latham the court stated (at 854) "[t]he dishonesty contemplated by the statute must be taken to mean dishonesty in money matters from which a reasonable apprehension may be entertained that the funds of the estate would not be safe in the hands of the executor.” In applying the Latham standard, the court finds that John M. Murphy is not *620 ineligible to receive letters testamentary pursuant to SCPA 707 (1) (e).
The court now turns its attention to the issue of whether John M. Murphy is "a felon”, and therefore ineligible to serve as a fiduciary pursuant to SCPA 707 (1) (d).
In June 1980, John M. Murphy was named in a five-count Federal indictment, implicating him in the ABSCAM investigation. (United States v Murphy, US Dist Ct, ED NY, No. 80-CR-00291.) Count one charged a conspiracy to defraud the United States in violation of 18 USC § 371; count two charged receipt of a bribe in violation of 18 USC § 201 (c); count three charged a conflict of interest in violation of 18 USC § 203 (a); count four charged a violation of the Travel Act under 18 USC § 1952; and count five charged receipt of an unlawful gratuity in violation of 18 USC § 201 (g).
After a jury trial, John M. Murphy was found guilty of counts one, three, and five and was acquitted of count two and count four. On appeal, the United States Court of Appeals for the Second Circuit reversed and remanded for a new trial Murphy’s conflict of interest conviction, while affirming his convictions on the conspiracy and unlawful gratuity charges. (United States v Myers, 692 F2d 823.) Murphy was sentenced to three years on count one and two years on count five and fined $10,000.
The fact of the convictions is not disputed. It is, likewise, undisputed that the crimes committed by Murphy constitute felonies pursuant to the United States Code inasmuch as 18 USC § 1 provides that a felony is a crime punishable by a term of imprisonment exceeding one year. However, this alone would not render him ineligible to serve as a fiduciary in New York. For Murphy’s Federal felony conviction to have the impact of rendering him a "felon” within the meaning of SCPA 707 (1) (d), the acts committed would have to constitute felonies under the Penal Law of the State of New York. (Matter of Caperonis, 95 Misc 2d 690; Matter of Kaufman, 77 Misc 2d 424; Matter of Thompson, 75 Misc 2d 508; Matter of Johnson, 202 Misc 751; Estate of Wolf, NYLJ, Feb. 17, 1982, at 13, col 1 [Sur Ct, Bronx County]; 2 Warren’s Heaton, Surrogates’ Courts § 128, |[ 4; 10A Cox-Arenson-Medina, NY Civ Prac |f 707.01.)
Murphy argues in his memoranda that he is not a "felon” within the meaning of SCPA 707 and, therefore, eligible to serve as a fiduciary. Furthermore, Murphy contends that *621 assuming, arguendo, his conviction is a felony under New York State law, the issuance to him of a certificate of relief from civil disabilities pursuant to Correction Law § 700 et seq. would relieve him of any bar to serving as coexecutor in the estate of Florence Murphy, deceased.
Murphy’s conviction under count five was a violation of 18 USC § 201 (g) which provides:
"Whoever, being a public official, former public official, or person selected to be a public official, otherwise than as provided by law for the proper discharge of official duty, directly or indirectly asks, demands, exacts, solicits, seeks, accepts, receives, or agrees to receive anything of value for himself for or because of any official act performed or to be performed by him * * *
"Shall be fined not more than $10,000 or imprisoned for not more than two years, or both.”
The concomitant New York statute is section 200.35 of the Penal Law which provides:
"A public servant is guilty of receiving unlawful gratuities when he solicits, accepts or agrees to accept any benefit for having engaged in official conduct which he was required or authorized to perform, and for which he was not entitled to any special or additional compensation.
"Receiving unlawful gratuities is a class A misdemeanor.”
Undeniably, Murphy’s conviction under count five would be no more than a misdemeanor under New York law, and, therefore, Murphy’s conviction for count five, alone, would not make him ineligible to serve as a fiduciary within the meaning of SCPA 707 (1) (d).
Murphy’s conviction under count one was a violation of 18 USC § 371 which provides:
"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.
"If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.”
Whether or not the conspiracy conviction is a felony or a *622 misdemeanor under New York law is uncertain and depends on the underlying crime. Murphy’s conviction for conspiracy under 18 USC § 371 does not specify the underlying crime, be it bribery or receipt of an unlawful gratuity. However, assuming, arguendo, that the underlying crime was the more serious charge of receipt of a bribe, the concomitant New York statute would be former section 200.10 of the Penal Law which provided:
"A public servant is guilty of bribe receiving in the second degree when he solicits, accepts or agrees to accept any benefit from another person upon an agreement or understanding that his vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced.
"Bribe receiving in the second degree is a class D felony.”
The related conspiracy statute would be section 105.05 of the Penal Law which provides:
"A person is guilty of conspiracy in the fifth degree when, with intent that conduct constituting:
"1. a felony be performed, he agrees with one or more persons to engage in or cause the performance of such conduct * * *
"Conspiracy in the fifth degree is a class A misdemeanor.”
In practice, this subdivision is limited to cover conspiracies to commit the lower class felonies, namely, class D and class E felonies, since the higher degrees of conspiracy are primarily applicable to the more serious felonies. As noted above, conspiracy in the fifth degree is a misdemeanor.
In view of the fact that the crimes for which John M. Murphy was convicted are clearly misdemeanors in the State of New York, the court determines that he is eligible to serve as a fiduciary herein, notwithstanding his felony convictions under the United States Code in the Federal court. Accordingly, letters testamentary shall issue to John M. Murphy, upon his duly qualifying according to law, in the estate of Florence Murphy, deceased. John M. Murphy shall then serve as coexecutor, along with Rose McBrien, Charles J. Murphy, and Frank Murphy, Jr., to whom letters testamentary have previously been issued herein.
In light of the decision above, the court finds moot the remaining issue regarding Murphy’s receipt of a certificate of relief from civil disabilities and, accordingly, declines to decide that issue.